BILLINGS and another *against* AVERY :

#### IN ERROR.

A bond of recognizance by a party charged with a secret assault, to answer to the complaint, and abide the order of the court thereon, will be construed, in reference to the law and the subject matter, as requiring an abiding of the order of the court in relation to the damages, and as being substantially the same as if expressed in the words of the statute.

In a suit on such recognizance, it is no defence, that the bond was not called in court, provided the defendant voluntarily appeared and pleaded to the complaint.

But such appearance and pleading are not alone sufficient to discharge the bond.

A bond of recognizance, by a party charged with a secret assault, to answer to the complaint and pay the damages to be awarded, with a stipulation superadded *to keep the peace and be of good behaviour*, is altogether invalid.

THIS was a *scire-facias* on a bond of recognizance, entered into, by *Stephen Billings* as principal, and *Gurdon Bill* as surety, before *John Brewster*, Esq., a justice of the peace, in pursuance of a judgment rendered by him, on a *qui tam* complaint, exhibited by *Joseph S. Avery*, against *Billings*, for a secret assault.   The condition of the recognizance was in these words: " That if the said *Billings* shall appear personally before the county court to be holden on the first *Thursday* in *March*, 1826, at *New-London*, in and for the county of *New-London*, to answer to the complaint of *Joseph S. Avery* against him the said *Billings*, for a secret assault made upon his body, contrary to the form of the statute in such case made and provided, and shall abide the order of said court thereon, and in the meantime keep the peace and be of good behaviour towards all the good citizens of this state, and in particular towards the said *Joseph S. Avery*, then this recognizance is to be void, and otherwise to remain in full force."   *Billings* was tried before the county court, at the term mentioned in the recognizance, and was found guilty, and sentenced to pay *Avery* the sum of 50 dollars damages, and costs, and to the treasurer of the county of *New-London* a fine of 50 dollars.   The *scire-facias* alleged as a breach, that " *Billings* neglected and refused to appear personally before said county court, according to the condition of said recognizance to answer to said complaint, and abide the order of said court thereon ; nor hath he ever paid the said sums," &c.

The defendants pleaded, 1st, that *Billings* was detained in *New-London, July, 1828.* custody before the justice until, by the force and duress of such imprisonment, the defendants entered into and acknowledged the said bond of recognizance ; 2ndly, that at said term of said county court, *Billings* was not, at any time, called or required to appear in said court, or to abide the judgment of the same, nor was the defendant *Bill,* at any time called or required in said court there to have the body of said *Billings ;* but he, the said *Billings,* did appear before said court, and answer to said complaint, and did not avoid the execution of the judgment of the same. To these pleas the plaintiffs demurred ; and the court adjudged them insufficient, and rendered judgment for the plaintiff. On motion of the defendants, the record was transmitted to this court, for revision in error.

*Billings*
*v.*
*Avery.*

*Cleaveland* and *Strong,* for the plaintiffs in error, contended, 1. That the bond of recognizance, in this case, was void ; the justice not having authority by law to require such a bond. First, under the statute relating to secret assaults the justice had no power to require a bond *to keep the peace. Stat.* 407. Secondly, the bond required, by that statute, is *to pay the damages,* which may be awarded, by the final judgment. The bond taken was *to abide* the final judgment ; which imposes no obligation *to pay,* and is, therefore, materially variant from the one required by the statute

2 That to sustain an action on such a bond, it must have been *called* in the court below ; and the defendants' default of appearance must have been there entered of record. First, the forms of *scire-facias* on recognizance shew this. *Vose* v. *Deane,* 7 *Mass. Rep.* 280. *Commonwealth* v. *Downey,* 9 *Mass. Rep.* 520. *County Treasurer* v. *Burr* & al. 1 *Root* 392. Secondly, in *Waldo* v. *Spencer,* 4 *Conn. Rep.* 71. the record of the calling of the bond was amended. Why was this done, if it is not necessary to call the bond ? Thirdly, the practice has been to call bonds of recognizance for the appearance of the defendant. *Potter* v. *Kingsbury,* 4 *Day* 98. 1 *Chitt. Crim. Law* 106. (*Lond* ed.)

3. That the pleadings show a compliance with the condition of the bond. The record shows, that *Billings* appeared and answered to the complaint ; and having appeared, he is presumed to continue to appear until the contrary is shewn. The plea further shews, that he did not avoid the execution of the judgment.

*Goddard* and *Child*, for the defendant in error, contended, 1. That this bond is, in substance, such an one as is authorized by the statute. The engagement of the defendants that *Billings* should abide the order of the court thereon—*i. e.* on the complaint of the plaintiff—implies no more than an engagement to pay all such damages as should be awarded against him, by the final judgment of the court.

2. That if the defendants have bound themselves to do what the statute requires *and something more*, the whole bond is not, therefore, void. To an obligation, which the statute requires of the defendants, they have superadded an obligation to do—not an unlawful act—but what it is their duty to do. If the latter part of the obligation cannot be enforced, still it does not impair the validity of the former part. Further, such a bond as this has been sanctioned by the court. *Waldo* v. *Spencer*, 4 *Conn. Rep.* 71. *County Treasurer* v. *Burr* & al. 1 *Root* 392.

3. That the plaintiff was under no obligation to call the defendants in court. The defendants were, indeed, bound to come, without being called. But our complaint is—not that they did not come—but that they did not *pay*.

Hosmer, Ch. J. The court having come to a determination that the recognizance in question is void, for a reason that will be stated hereafter, I shall therefore transiently pass over the other objections in the case.

The statute ( *p.* 407.) requires, that the party assaulting shall recognize with surety, to answer to the complaint for secret assault, and pay all such damages as shall be awarded against him. The bond now in question obliges the party to answer to the complaint, and abide the order of the court thereon. Construing this contract in reference to the law and the subject matter, it requires an abiding of the order of the court in relation to the damages, and is substantially the same, as if it was taken in the words of the statute.

To the objection made, that the bond was not *called*, the appearance of the defendant *Billings* and pleading, which the record shows, is a sufficient answer. The object of calling the bond, is to enforce an appearance ; and when the party voluntarily appeared, and was permitted to plead, without objection, the calling of him was quite unnecessary.

By the appearance, however, the condition of the bond was

not discharged. The recognizance stipulates not only for an appearance, but for abiding the judgment; and the former is no extinguishment of the latter. Thus far no legal objection is perceived.

*New-London, July, 1828,*

Billings
*v.*
Avery.

But the taking of a recognizance that *Billings* should keep the peace and be of good behaviour, unquestionably, was an error, and the stipulation is a nullity. On a different process, such bond might have been taken, but not in the case before the court.

The bond of recognizance being in part legal, and in part unauthorized, what is the consequence? It is altogether invalid. A bond void in part, by being against the positive provisions of a statute, is void *in toto. Norton* v. *Simmes, Hob.* 12. 14. *Maleverer* v. *Redshaw,* 1 *Mod.* 35. *Collins* v. *Blantern,* 2 *Wils.* 347. 351. *Hyslop* v. *Clarke* & al. 14 *Johns. Rep.* 458. *Austin* & al. v. *Bell,* 20 *Johns. Rep* 442. Even at common law, it is the better opinion, that such contract is utterly void. *Fermor's* case, 3 *Co.* 78. *Wimbish* v. *Tailbois,* 1 *Plowd.* 54. At the same time, it must be admitted, that on this point the authorities do not harmonize. But in respect of a bond taken against the provisions of a statute, there is no diversity of opinion.

Now, in the case before us, the statute directs what bond shall be taken, and implies a prohibition of every other species of recognizance. It is no unreasonable principle, but one often recognized, that if persons will mix in a contract good and evil together, or right and wrong, courts will not make a separation, but will consider the whole as incurably tainted.

The other Judges were of the same opinion.

Judgment to be reversed.