DARLING *against* HUBBELL and another:

### IN ERROR.

A justice of the peace, before whom a person is brought, on a complaint of keeping a house of bawdry, may require sureties of the peace and good behaviour, and on failure of compliance with such order, may commit the offender to prison, for a term not exceeding thirty days, but has no power to bind over to the county court.

Therefore, if the justice, in such case, order such binding over, and a recognizance be taken accordingly to the treasurer of the county, it is void.

Where in a recognizance by a person charged with keeping a house of bawdry, the condition was, to appear before the county court, *and abide the order of that court on the complaint;* it was held, that such condition was unauthorized, and the recognizance void.

Where the offence charged in the complaint was that of keeping a house of bawdry, and the accused was found guilty of that specific offence alone, and thereupon an order was made, requiring the accused to give bond not to keep *or frequent* houses of bawdry; it was held, that such order was illegal, and a bond taken in conformity thereto, void.

Where a recognizance was taken on the 22nd of *September*, requiring the principal to appear before the county court to be holden on the fourth *Tuesday* of *November*, and in the meantime, keep the peace, &c.; and on the 8th of *November*, previous to the sitting of such court, a suit was brought on such recognizance, alleging that the principal had done the acts provided against in the condition; it was held, that the recognizance was not a perfect instrument, until returned to the court, and that such suit was prematurely brought.

THE original action was debt on a recognizance, brought by *Joseph Darling*, Esq. treasurer of the county of *New-Haven*, against *Charlotte Hubbell*, as principal, and *Owen Reynolds*, as surety.

The recognizance was taken under the following circumstances. *Silas Mix*, Esq., a grand-juror of the town of *New-Haven*, complained to a justice of the peace, that said *Charlotte Hubbell*, on certain days mentioned in the com-

plaint, kept and maintained a house reputed to be a house of bawdry and ill fame. A warrant having issued, she was brought before Justice *Hunt*, who, " after enquiring into the facts and charges alleged in said complaint, found her *guilty*, and adjudged, that she should recognize, with sufficient surety, payable to the treasurer of *New-Haven* county, in the sum of forty dollars, conditioned that she should appear before the county court of *New-Haven* county, on the fourth *Tuesday* of *November*, 1831, and abide the order which said court should make on said complaint, and in the meantime, keep the peace, and be of good behaviour, and not keep, frequent, or maintain, houses of bawdry and ill fame." *Charlotte Hubbell*, as principal, and *Owen Reynolds*, as surety, thereupon entered into a recognizance to the treasurer of *New-Haven* county, in the sum of forty dollars, to which was annexed the following condition : " That if the said *Charlotte Hubbell* shall personally appear before said county court, to be holden on the fourth *Tuesday* of *November*, 1831, and abide the order of said court on said complaint, and in the meantime, in all things keep the peace, and be of good behaviour towards all the citizens of this state, and more especially, not keep, frequent, or maintain, houses of bawdry and ill fame, or which are reputed to be houses of bawdry and ill fame, the said recognizance to be void, else to remain in full force." The plaintiff then averred, " That said *Charlotte Hubbell* did, in the meantime, between the 22nd of *September*, (the date of the recognizance,) and the session of said county court, *viz.* on every day between said 22nd of *September* and the 29th of *October*, 1831, keep, frequent, and maintain, a house of bawdry and ill fame, and one reputed so to be, and was not of good behaviour, and did not keep the peace, on each of said days, but did break the peace, and was of vicious and illegal behaviour, on each of said days." The writ was dated the 8th of *November*, 1831.

Upon demurrer, the county court adjudged the declaration insufficient. On a writ of error, brought by the original plaintiff, that judgment was affirmed in the superior court. To obtain a reversal of the latter decision, the present writ of error was brought.

*N. Smith* and *Mix*, for the plaintiff in error, contended, 1.

New-Haven,
July, 1832.

Darling
v.
Hubbell.

That the recognizance was rightly taken to the county treasurer, the record being returnable to the county court. *Stat. Sess.* 1825. *ch.* 25. *p.* 82. *Sess.* 1830. *ch.* 1. *sect.* 86. 123. 125. *Stat.* 207. 545, 6. *ed.* 1808. 4 *Bla. Comm.* 252, 3, 4. This position is also corroborated, by the established practice in analogous cases—*e. g.* to keep the peace.

2. That the form of the recognizance was right. The justice is to take such a recognizance as is required by the exigency of the case, and as will prevent the evil complained of. 3 *Bla. Comm.* 253. 255. But if there be a superfluous clause in the condition, it will not invalidate the bond. *Waldo* v. *Spencer,* 4 *Conn. Rep.* 75. 78.

3. That the breach is sufficiently set out. 1 *Chitt. Plead.* 291, 2. and cases cited *ibid.*

4. That the action was not brought prematurely. You need not wait until the bond is called and forfeited. 4 *Bla. Comm.* 255, 6. *Potter* v. *Kingsbury,* 4 *Day,* 98.

*Seeley* and *C. A. Ingersoll,* contra, contended, 1. That a recognizance, taken by virtue of a statute, which contains a provision not authorized by that statute, is void *in toto.* *Billings* v. *Avery,* 7 *Conn. Rep.* 236.

2. That the order or judgment of the justice, in this case, is void ; first, because it requires the parties to give sureties to appear before the county court, and abide the order of that court, whereas the county court has no jurisdiction, and can make no order. It should have been, to keep the peace, and be of good behaviour, for some definite period, and in default of the sureties required, to be committed, not exceeding thirty days. 1 *Hawk. P. C.* 257. (*ed.* 1788.) 4 *Bla. Comm.* 253. *Stat.* 207. 545, 6. (*ed.* 1808.) *Stat.* 147. *sec.* 35, 36.

Secondly, to keep a house of bawdry, and to keep a house *reputed* to be such a house, are *distinct* offences. The charge in the complaint was, of keeping a house *reputed,* &c. and the defendant was ordered, not to keep houses of bawdry, &c. The judgment should have guarded against a repetition of the offence charged, and not another and distinct offence. It is erroneous, in requiring what it should not, and defective, in omitting what it should, require.

Thirdly, by requiring the defendant to give sureties to appear before the county court, and in default thereof to be com-

mitted, she became liable to be imprisoned until the next <span>*New-Haven*,</span> term of the court; which might be equivalent to an imprison- July, 1832. ment for six months. In this respect, the order is not in con- Darling formity with the letter or intent of the statute. *v.* Hubbell.

Fourthly, the recognizance entered into, varies, essentially, from the order. The order requires a recognizance not to *keep* houses of bawdry, &c.—the recognizance, not to keep houses of bawdry, or houses *reputed* to be houses, &c. The recognizance taken, therefore, is larger than that required; and not being conformed to the judgment, is void.

3. That no sufficient breach is alleged. It does not appear *where* the defendant kept a house, &c. It might have been at *Paris*.

4. That *no conviction* is alleged. *Non constat*, that the defendant was not tried and *acquitted*. 4 *Bla. Comm.* 253. 4 *Burn's Just.* 294. & seq. 22 *St. Tri.* 788.

WILLIAMS, J. The defendants claim, that the bond was not properly taken.

By statute, where the record is returnable to the county court, bonds are to be taken to the treasurer of the county; where it is returnable to the superior court, the bonds must be taken to the treasurer of the state. *Stat. vol.* 2. *p.* 278. *sect.* 124.

The magistrate, in this case, supposing that this case was to be transmitted to the county court, has taken this bond to the county treasurer; and his judgment is, as well as the condition of the bond, that the accused abide the order of that court. If this was a case over which the county court had jurisdiction, the bond was properly taken to the county treasurer; if they had no jurisdiction, then it is equally clear, that the bond was improperly taken.

Was this case, then, properly transmitted to the county court? This must depend upon the sound construction of our present statutes.

Formerly, the same statute which empowered a magistrate to require surety of the peace or good behaviour, of those who disturbed the public peace, authorized the same proceedings against common barrators, those who invented or sowed false reports, such as were of evil name or fame generally, for maintaining or resorting to houses suspected to be houses of baw-

*New-Haven,*
*July, 1832.*

Darling
*v.*
Hubbell.

dry and incontinency; also against night-walkers, such as eave-drop men's houses, or cast men's carts into ponds, or commit other such misdemeanours, &c. in the night season ; also against drunkards, libellers, and such like offenders. *Stat.* 545. *tit.* 125. *c.* 1. *s.* 4.

At the revision of 1821, this statute was much modified, and all the part above recited, except that relating to those who by turbulent behaviour disturbed the peace, was omitted ; and in those cases where surety of the peace or good behaviour might still be ordered, the justice was authorised, upon non-compliance with such order, to commit the offender to the common gaol, there to remain until discharged in course of law, or until the next session of the county court, which court may make further order relating to the subject matter of the complaint. *Stat.* 147, 8. *tit.* 21. *sect.* 36.

In 1825, the legislature enacted, that any justice of the peace may, upon the complaint of any informing officer, *require* sureties of the peace or good behaviour from any and all persons who shall be guilty of frequenting, keeping, or maintaining, houses reputed to be houses of bawdry and ill fame ; and if any persons, being so ordered to find sureties of the peace, or good behaviour, shall neglect, or refuse to comply with such order, the justice of the peace ordering the same, may commit such persons to the common gaol, &c. for a time not exceeding thirty days ; and this provision was incorporated into the criminal code of 1830. *Sect.* 86.

By this statute, the justice may order the offender to find surety, and upon non-compliance, may imprison him for a term not exceeding thirty days. It does not, like the ancient statute, or that part of it which survived the revision of 1821, authorize the magistrate to bind over, until discharged in due course of law, or empower the county court to make further orders upon the subject, but places the whole matter in the hands of the justice, and directs, in language which cannot be misunderstood, what he shall do, if the bonds are not given ; and gives him no more authority to bind over to the county court, than to the superior court.

Former practice cannot justify this course ; because that practice was founded upon a statute, which differed essentially from this: much less, can the *English* practice regulate a

case depending so entirely upon our own peculiar enactments. No authority can be found, therefore, which justifies the magistrate in taking a bond to the treasurer of the county. And it has been decided, by this court, that a bond on an appeal from probate, taken to the adverse party, when it could not be known who that party was, would be void. *Bailey* v. *Wooodworth, post.*

And in *Massachusetts*, it has been adjudged, that a replevin bond taken to the officer, instead of the defendant in replevin, was void. *Purple* v. *Purple*, 5 *Pick.* 226.

Connected with this is another objection, that the bond, is a bond to appear at the county court, *and abide the order that court should make.* Now, if no such bond could be required, it would seem as if the requisition must be illegal, and therefore, the bond so exacted must also be illegal.

It is said, however, that though this part of the bond may be void, yet it will not impair the validity of the other conditions; in support of which is cited *Waldo* v. *Spencer*, 4 *Conn. Rep.* 71. 78. There the delinquent was properly recognized to the superior court ; and the court say, it is a common practice to superadd, that *he shall abide judgment ;* and that a bond voluntarily given to abide judgment, is free from exception. But is a bond given under penalty of imprisonment on non-compliance, a voluntary bond ? In *Billings* v. *Avery*, 7 *Conn. Rep.* 236. 239. it was held, that a bond to answer to the complainant for a secret assault, and to keep the peace, and be of good behaviour, was altogether invalid. The same principle is recognized in *Massachusetts*, in *Harrington* v. *Brown*, 7 *Pick.* 232.

Another objection to this bond, is, that the accused was only charged with keeping a house of ill fame, and is only found guilty of that specific offence ; and that the order is, that she shall find bonds, that she will neither keep, nor *frequent* houses of ill fame. Now, if she had offered bonds, not to keep, or maintain houses of ill fame, but refused to procure bonds, that she would not frequent such houses, could the justice have imprisoned her for such neglect ? If he could, it is apparent, that she might have been imprisoned on account of an offence with which she had not been charged, and of which she had not been convicted. If such imprisonment would not have been legal, a bond to be enforced by such imprisonment, cannot be legal.

It is said, that upon such subjects, the magistrate has great discretionary power. Now, however this might be under a general complaint, requiring surety of the peace, yet when the complaint is for a specific offence, and the magistrate finds that offence specifically, and nothing more, the discretion of the justice must be confined to the amount of the bonds, the number and the qualifications of the surety, and the time of imprisonment: and to say, that he had a discretion as to the offences to be included in it, would hardly be consistent with a due regard to the civil liberty of the citizens. Such would seem to be the true limits of the authority of the magistrate, even in *England.* *Com. Dig. tit. Forcible Entry.* D. 20. I think, therefore, the bond is not duly taken.

Another objection is, that this suit is *premature.* The bond is taken in *September,* returnable to the county court on the fourth *Tuesday* of *November*; and is sued on the 8th of *November,* before the session of the court. The condition of the bond is, that the principal shall refrain from certain unlawful acts, appear at the county court, and abide the order of said court; and the claim is, that she has broken the bond, by doing the acts provided against, although the term had not arrived for appearing at court.

It must be admitted, that the charge seems to be within the letter of the bond; yet it may well be asked, is the bond a perfect instrument before it is returned to the court, to which it is to be transmitted? In *England,* a recognizance taken by a justice, to be available, must be transmitted to the proper court; and it thus becomes part of the records of that court; and when the condition is broken, it is *estreated* or extracted from the records, and filed in the *exchequer;* and then the conusor becomes the absolute debtor to the king, and process is issued thereon. 4 *Bla. Comm.* 253. And the justices of *Oyer* and *Terminer* are the proper judges, whether recognizance shall be estreated, or spared; and this, it is said, is for the advantage of public justice. *The King* v. *Tomb,* 10 *Mod.* 278. And in civil process, the declaration upon recognizances always avers, that they have been so transmitted. *Went. Plead.* 55 to 78. And in *Massachusetts,* and *Maine,* it has been holden, that unless this fact is alleged in a declaration, the plaintiff could not recover. *Bridge* v. *Ford,* 4 *Mass. Rep.* 641. *The Commonwealth* v. *Downey,* 9 *Mass. Rep.* 520. *The State* v.

*Smith,* 2 *Greenl.* 62. And in an action founded on a recognizance on criminal process in *New-York,* it has been holden, that, strictly speaking, it does not become a recognizance, or debt of record, until it is filed or recorded in the court, to which it is returnable. *The People* v. *Van Eps,* 4 *Wend.* 387. 392. In this very case, the plaintiff has averred, that this record was returned to, and has been entered in the docket of the county court, to which it was returnable. But at the date of this writ, that term had not arrived : no such court had been in existence. With what propriety, then, could it be said, that that was part of the files and records of that court, at the date of this suit ?

It is evident, then, this action cannot be sustained ; and uniform practice corroborates the idea ; for no one can say, that such a suit has ever been known to have been sustained, at this stage of the proceedings.

Such a construction also seems to me to be reasonable. The object of transmitting this record, is, that the court to which it is thus transmitted, may act upon it " whether it shall be *estreated* or *spared ;*" but if suits may be brought before the court to which it is returnable, can act upon it, others, without their authority or concurrence, and upon their own responsibility, may do, what it is the peculiar province of the law to do.

I am satisfied, then, on this ground also, that this suit ought not to be sustained ; and, without adverting to the other objections made in this case, I think the judgment of the superior court must be affirmed.

The other Judges were of the same opinion.

Judgment affirmed.