## BOUDETTE *v.* PIERCE.

*Landlord and Tenant. Tenancy from Year to Year. Notice to Quit.*

In ejectment it appeared that in the fall of 1872, plaintiff gave defendant leave to erect upon the demanded premises a small hovel in which to keep a colt the ensuing winter ; that for the use of the premises plaintiff was to have the manure made thereon ; that there was no other agreement as to occupancy ; that in the summer of 1874, defendant, with the knowledge of plaintiff and without his objection, enlarged the hovel and moved into it with his family, and ever after continued to occupy it ; that plaintiff received the manure from year to year to and including the winter of 1875-6 ; that some time in the spring of 1875, plaintiff requested defendant to move off his building, and vacate the premises, without stating when, and on July 10th gave him notice to quit at once, and on July 14th, defendant not having vacated, plaintiff brought this suit. *Held,* that although defendant put an end to the contract by moving in with his family, if plaintiff had so elected, yet, as plaintiff confirmed it by receiving the stipulated compensation, the tenancy had grown into a tenancy from year to year ; that the notices to quit were not reasonable; and that plaintiff could not recover.

EJECTMENT. The case was referred, and the referee reported as follows :

It was conceded that the title to the demanded premises was in the plaintiff, both at the time the suit was brought, and at the time of the hearing, and that the defendant was in occupation of a hovel on a portion thereof, in which he lived. It appeared that in the fall of 1872, the plaintiff gave the defendant leave to erect a small hovel on said premises in which to keep a colt that winter, and that for the use of the land so occupied, he was to have the manure made thereon. The plaintiff claimed that the defendant agreed to move the hovel off the then next spring, which the defendant denied ; but I think the determination of that question is immaterial, as the plaintiff conceded that he allowed him to enlarge the hovel and occupy the next winter without objection, and that he received the manure therefor. In the summer of 1874 the defendant raised up the roof, enlarged and fixed up the hovel, and moved into it with his family, and has since continued to occupy it. No agreement was ever made by which the defendant had the right to move upon or to occupy the premises or the hovel thereon with his family, nor was there ever any agreement in regard to the time the defendant should occupy, unless it was,

as the plaintiff claimed, when defendant built the hovel; but the plaintiff knew of his moving upon the premises, and did not object, nor was it contemplated when the plaintiff gave permission for the erection of the hovel, that the defendant should ever occupy it with his family, which occupation was more valuable to the defendant and more inconvenient to the plaintiff than the kind of occupation for which permission was given. The defendant claimed that there never was any agreement as to the time he should occupy, nor about his occupying, except what was made when he erected the hovel; and that the agreement then was that he might erect it, and keep his stock there, and that the plaintiff should receive the manure made there in payment for such occupancy. The plaintiff conceded that he had received the manure made there from year to year, to and including the winter of 1875–6. In the spring of 1875, exactly when does not appear, the plaintiff notified the defendant that he wanted him to move off from the premises with his buildings, but specified no time when the defendant must vacate. The defendant continued to occupy, and on July 10, 1875, the plaintiff went with witnesses and notified the defendant to move off the buildings and vacate the premises at once. The defendant replied that the buildings were well enough where they were, and took no steps towards moving them, and on July 14, 1875, the plaintiff brought this suit. The defendant had ample time before the suit was brought, with reasonable diligence, to vacate the premises after he received the notice in the spring, and even after he received the notice of July 10th, if he had gone about it at once. The building was of such a character that it would not pay for moving to another location without taking it down. I find that five dollars a year in addition to the manure would be no more than a reasonable compensation for the use of the premises after the defendant moved upon them with his family in the summer of 1874. If from the foregoing facts the plaintiff is entitled to recover, I find for him to recover possession of the premises, and $12 for the use thereof from the summer of 1874 to the time of hearing.

The court, at the December Term, 1876, Caledonia County, Ross, J., presiding, rendered judgment on the report for the defendant; to which the plaintiff excepted.

*George W. Cahoon,* for the plaintiff.

The license was for a specified time and for a specified purpose, and was terminated by its own limitation in the spring of 1873.

The plaintiff had the right to make the license at will. *Houston* v. *Laffe*, 46 N. H. 505 ; *Carlton* v. *Redington*, 21 N. H. 291 ; *Hall* v. *Chaffee*, 13 Vt. 150.

The defendant having departed from his contract and put the property to a different use, has forfeited his estate, and revived the right of the general owner to immediate possession. *Briggs* v. *Bennett*, 26 Vt. 146 ; *Newell* v. *Sanford*, 13 Iowa, 191 ; *Hamphill* v. *Flinn*, 2 Penn. St. 144 ; *Glynne* v. *George*, 20 N. H. 114.

The receiving of the manure was no *waiver*. *Blacker* v. *Smith*, 13 Wend. 530 ; *Jackson* v. *Allen*, 3 Cow. 220 ; *Hunter* v. *Osterhoudt*, 11 Barb. 33.

If the relation of landlord and tenant ever existed, the defendant's saying that " the buildings were well enough where they were," and taking no steps to remove them, were a denial of the plaintiff's right. *Tuttle* v. *Reynolds*, 1 Vt. 80 ; *Wilson* v. *Watkins*, 3 Pet. 49 ; *Catlin* v. *Washburn*, 3 Vt. 25 ; *Hall* v. *Dewey*, 10 Vt. 593 ; *Chamberlin* v. *Donahue*, 45 Vt. 50. The relation of landlord and tenant was determined by the bringing of the suit. *Chamberlin* v. *Donahue*, 45 Vt. 57.

The defendant was not entitled to notice to quit. *Harriet* v. *Lawrence*, 2 A. K. Mar. 366 ; *Clapp* v. *Paine*, 18 Me. 264 ; *Stockwell* v. *Marks*, 17 Me. 455 ; *Donnell* v. *Johnson*, 17 Pick. 263 ; *Calderwood* v. *Brooks*, 28 Cal. 157.

An agreement for a consideration gave no irrevocable interest in the land. *Huff* v. *McCurdy*, 53 Penn. St. 306.


*Belden & Ide*, for the defendant.

There was an agreement equivalent to a stipulation to pay annual rent, and payments in accordance therewith. There was thus a tenancy from year to year. *Silsby* v. *Allen*, 43 Vt. 172, and cases there cited. The notice to quit was therefore insufficient. But if the tenancy was one at will only, the plaintiff cannot recover ; for he has waived his right by accepting rent that accrued after the notice, and after suit brought. Tayl. Land. & Ten. s. 485, and cases cited ; *Collins* v. *Coaty*, 6 Cush. 415.

This suit is for recovery of possession of the land ; but if the

Boudette *v.* Pierce.

defendant has a right to have his building there, even though he has not the right to occupy it with his family, then the plaintiff cannot recover.

The opinion of the court was delivered by

REDFIELD, J.    This action is ejectment.    The substantial facts stated by the referee are, that the plaintiff is the owner of the premises ; that defendant is in the occupation of a small portion by a small hovel in which he lived ; that in the fall of 1872, the plaintiff gave defendant leave to build the hovel in which to keep his colt, and for compensation the plaintiff was to have the manure made thereon ; that plaintiff allowed him to enlarge the hovel, and occupy it the second winter ; that in the summer of 1874 the defendant raised up the roof, fitted it up, and moved in his family, with the knowledge of the plaintiff, and without objection ; that defendant continued to occupy without any further or different arrangement, and that the plaintiff has taken and appropriated the manure every spring, down to and including the spring of 1876 ; that in the spring of 1875 the plaintiff requested the defendant " to move off the building, and vacate the premises " ; and that on July 10th of the same year, he gave defendant a like notice, and on the 14th of the same July this suit was commenced.  ·

The act of the defendant in moving his family into the hovel, and occupying it as a dwelling-house, was, doubtless, a violation of, and put an end to, the contract, if the plaintiff had so elected. But the plaintiff, by acquiescence, constructively assented to such occupancy ;   and by receiving the stipulated compensation, confirmed it.    If we treat the stipulated compensation for the use of the premises as annual rent, by the continued occupancy for a succession of years, and the payment of annual rent, the tenancy, however it should be designated in its inception, had grown into a tenancy from year to year.    But without canvassing further the question whether the notice required is the same as of a farm occupied from year to year with annual rent, we think the notice as stated in the report was not *reasonable* notice.    The request in the spring that defendant would move off the premises and take away his building, named no time in which this should be done,

and plaintiff seems never to have acted upon it.    The formal notice on the 10th of July required the defendant, at once, to take up his *house* and walk, and within four days this suit was brought.    We think, under the facts reported, the defendant was not wrongfully and unlawfully in the possession at the time the suit was brought.

Judgment affirmed.