## ROLLIN AMSDEN *vs.* JOHN P. ATWOOD.

### May Term, 1897.

Present: Ross, C. J., Rowell, Munson, Start and Thompson, JJ.

*Landlord and Tenant—Holding over—From Year to Year—Exception—Damages—Argument to Jury.*

If a tenant for years, after the expiration of his lease, holds over for one full year and enters upon another, being treated by the landlord as a tenant, he becomes a tenant from year to year and is entitled to complete the year upon which he has entered, although he has not paid a full year's rent.

A landlord is not entitled to insist that his tenant shall discharge an employee upon the premises though personally offensive and uncivil to the landlord.

An offer by the landlord to the tenant was properly held unavailing to the former because coupled with conditions which he had no right to impose.

An exception to a refusal to charge cannot be sustained unless the request was sound in every respect.

*Amsden* v. *Atwood*, 67 Vt. 290: 68 Vt. 332, approved.

As bearing upon the question whether the plaintiff recognized and treated the defendant as his tenant instead of a trespasser after a given date, it was admissible to show by parol the course of business between them tending to show that their relations were the same after that date as before.

A landlord in the lease of a part of his mill contracted with the lessee to saw his logs at a price named. While the lease was in force he refused to saw and notified the lessee to vacate unless he accepted certain conditions which the landlord had no right to impose. The lessee vacated and was held entitled to recover as damages the value of the remainder of the term, as well as the loss which he sustained by having the logs left on his hands and being obliged to dispose of them otherwise.

Counsel, in argument to the jury, have a right to criticise the conduct of a party in the transactions in issue as bearing upon his credibility, where he has been improved as a witness in his own behalf.

GENERAL ASSUMPSIT. Plea, the general issue and declaration in offset. Trial by jury at the May Term, 1896, Windsor County, *Tyler*, J., presiding. Verdict for the plaintiff for the amount claimed under the specifications and three special verdicts touching the amount of the defendant's damages in offset. Judgment for the defendant for the balance. The defendant excepted.

The plaintiff's notice to the defendant dated December 26, 1892, closed as follows: "And I further notify you that I am ready to saw your logs for chair stock commencing this morning."

The jury were instructed to find and state the amount of damages sustained by the defendant in the loss of the remainder of the term and returned a verdict of $200.87 as the value of the remainder of the term and the court allowed the defendant that sum in the judgment. The jury were instructed to consider in finding this verdict "what profit and advantages would have been to the defendant if he could have had his rights under the lease in respect of having his logs sawed, the quantity of logs on hand, the

amount of chair stock which could have been manufactured therefrom, and the profit at which he could have done it." In respect to the logs themselves they were instructed to exclude any profit the defendant might have made on them but to find how much loss he suffered by having them left on his hands and being obliged to dispose of them otherwise. On the subject of the defendant's duty to make his damages as small as possible by diligence on his own part, the court charged as stated in the opinion. The defendant's damages on account of the logs were assessed at $125 and that sum was allowed the defendant in the judgment.

*J. C. Enright* and *J. J. Wilson* for the defendant.

*Gilbert A. Davis* and *Wm. B. C. Stickney* for the plaintiff.

THOMPSON, J. After the expiration of the indenture, reported in *Amsden* v. *Atwood*, 67 Vt. 292, the plaintiff, without objection, allowed the defendant to hold over from the date of expiration, to wit, November 1, 1891, to November 1, 1892, and from thence to December 26, of that year, when he gave him written notice that he regarded him as a tenant by sufferance; that the rent would be increased to $600 after January 1, 1893; that the charge for sawing logs would be increased, and that as a condition of defendant's continuing as his tenant he should not employ men who were personally offensive to the plaintiff. On this state of facts this court held that the defendant's holding over was such that at the time of the notice of December 26, 1892, he had become a tenant from year to year. *Amsden* v. *Atwood*, 67 Vt. 289; *Amsden* v. *Atwood*, 68 Vt. 332 The plaintiff now claims that the facts on which that holding was based, are different from those established in the last trial in the county court, in that it now appears that the defendant had paid the rent only to October 1, 1892; and that his failure to pay rent for a full year from November 1, 1891, prevented his tenancy from ripening into a tenancy from year to year. The plaintiff

*34*

rendered to the defendant monthly statements of the sum due for rent and power, from November 1, 1891, to October 1, 1892, and the bills so rendered were paid the plaintiff by the defendant, from time to time, and all before November 1, 1892. By thus demanding and receiving rent, the plaintiff elected to treat the defendant as a tenant holding over under the terms of the written lease which had expired, instead of treating him as a trespasser. In the notice of December 26, 1892, the plaintiff recognized the fact that the defendant to that time had held as *a tenant*. It is not the payment of rent for a year, or any other definite time, that converts a holding over, from a tenancy at will into a tenancy from year to year, but the recognition by the landlord of a subsisting tenancy by the acceptance of rent or by some other act of recognition of the relation of landlord and tenant. This is clearly shown by the authorities cited and reviewed in *Amsden* v. *Atwood*, 67 Vt. 289. Hence there is nothing shown by the record to change the legal effect of the facts involved when the case was here before. The county court, therefore, correctly held that the defendant was a tenant from year to year, and rightly denied the plaintiff's requests framed in view of the contention he now makes. *Amsden* v. *Atwood*, 68 Vt. 332.

(2) The plaintiff had no legal right to require the defendant to discharge La Cross from his employment as a condition precedent to plaintiff's sawing defendant's logs, nor had he any right to impose any terms in respect to his employment of help as a condition to his future occupancy of the premises so long as he was legally in possession as a tenant from year to year. No rights in this respect were reserved to the plaintiff in the written lease nor by the implied terms of the tenancy from year to year. Hence the charge of the court on this branch of the case was correct.

(3) Plaintiff's offer to saw defendant's logs in the manner he had previously done, made in his notice of December 26, 1892, is to be construed as conditioned upon the payment

of an increased price therefor, the payment of more rent, and the non-employment of persons offensive or uncivil to the plaintiff, by the defendant. The county court so construed it. Hence, plaintiff's exception to this ruling, cannot avail him.

(4) The plaintiff requested the court to instruct the jury that "it was not optional with the defendant to take down his machinery and vacate December 27, 1892, as he did, and claim his future damages for all his loss of profits and value of the lease for the unexpired term and the depreciation in the value of machinery, or either of said elements of damages, but it was his duty to have remained in possession, brought along his logs and had them sawed and tendered the price of sixty cents per hour and rent at $36.48 a month or $109.44 quarterly as stipulated in the contract of April, 1890, and if not accepted, let the court settle the amount legally due." This request applied to the defendant's declaration in offset, declaring for damages against the plaintiff growing out of his breach of the contract. The exceptions do not disclose what the charge in full to the jury was on the subject of this request, but assuming that the instruction as requested was refused, there is no error, unless the plaintiff was entitled to have the entire request complied with. The facts now disclosed in respect to this phase of the case, do not differ in legal quality from what they were when the case was here as reported in *Amsden* v. *Atwood*, 68 Vt. 332. It was then held the defendant was not bound to bring and tender the logs at plaintiff's saw, after he had imposed a condition as to his sawing them which he had no right to make, and that the refusal of the plaintiff to saw the logs except on such condition, was a breach of his contract with the defendant, which excused him from tendering the logs to the plaintiff to be sawed, as a condition precedent to his right of recovery for such breach. The defendant under the circumstances of the case was not bound to tender either the logs to be sawed or the price for sawing them, in order

to enable him to recover for the plaintiff's breach of the contract. Hence this part of the request was unsound, and it was not error to refuse it. There is no occasion to consider the other matters embraced in it. *Vaughan* v. *Porter*, 16 Vt. 266; *Rea* v. *Harrington*, 58 Vt. 181.

(5) As bearing upon the question whether the plaintiff recognized and treated the defendant as his tenant instead of a trespasser, after November 1, 1891, it was admissible to show by parol, the course of business between them tending to show that their relations to each other as landlord and tenant were the same after that date as before it. Of this character was the parol evidence admitted, to which the plaintiff excepted, so far as pointed out by his brief.

(6) The defendant has recovered only for the value of the lease for the remainder of the term, and special damages in respect to thirty-eight cords of logs that were in the yard as stock at the time of the breach of the contract by plaintiff, as is shown by the special verdict. The charge properly instructed the jury in respect to the care and diligence the defendant was bound to exercise to prevent loss and damage to himself by reason of plaintiff's breach of the contract. In respect to the logs, it excluded the element of profit that might have been realized from manufacturing them into chair stock, and limited damages thereon to that arising from their being left on his hands as stock and his being obliged to dispose of them as best he could. This was a proper element of damages. So was the value of the remainder of the term, and both were properly submitted to the jury. 12 Am. & Eng. Ency. Law 697; *Eten* v. *Luyster*, 60 N. Y. 252; *Chapman* v. *Kirby*, 49 Ill. 211. There is no occasion to consider whether the charge to the jury was erroneous in respect to the other grounds of damage claimed by the defendant, as the special verdict cures such error, if there was any.

(7) The remarks of counsel for the defendant in his argument to the jury, to which the plaintiff excepted, were

not of such a character as to be the subject of exception. They were confined strictly to the evidence in the case. He had a right to examine and criticise the conduct of the plaintiff involved in his relations with the defendant in the transactions in issue, as bearing upon his credibility as a witness, he having been improved as a witness in his own behalf.

*Judgment affirmed.*