CHARLES O. STAFFORD v. JOHN R. ADAIR AND OTHERS.

[In Chancery.]

*Mortgage. Real Estate, What is. Building erected by Tenant on Lessor's Land. Assignee. Foreclosure. Party.*

1. A building, erected by a tenant at will, on land owned by a railroad company, under a parol arrangement by which the tenant could remove the building at any time within thirty days after notice of termination of the lease had been given by the company, *is real estate;* and a mortgage, executed in accordance with the statute regulating the mortgaging of realty, is valid; and the building will not pass to the mortgagor's assignee in insolvency as personalty.
2. But personal property, as a horse, wagon, &c., also included in said mortgage, will pass to such assignee; and this, on the ground that the instrument was a mortgage of real, but not personal, estate.
3. INSOLVENCY—FORECLOSURE—PARTY—ASSIGNEE. In a proceeding to foreclose such mortgage, the assignee is a necessary party defendant.

BILL to foreclose a mortgage. Heard on demurrer to the bill, September Term, 1884, VEAZEY, Chancellor. Demurrer sustained. The bill alleged, that the mortgage was " prepared upon an ordinary real estate form of deed."

*Prout & Walker,* for the orator.

The mortgagor was a tenant at will, and had an interest which he could mortgage. It was a mortgage of realty. *Griffin* v. *Marine Co. of Chicago,* 52 Ill. 111, 130; 1 Jones Mort. ss. 142, 146; *Hagar* v. *Brainerd,* 44 Vt. 294; *Putnam* v. *Westcott,* 19 Johns. 73; *Eastman* v. *Foster,* 8 Met. 19; 42 Vt. 730; R. L. ss. 1565, 1922–27; 1 Hill. Real Prop. 382–6; *Cheever* v. *Pearson,* 16 Pick. 266. No writing is necessary to create a tenancy at will. *Whitney* v. *Sweet,* 22 N. H. 10; 1 Swift Dig. 73, 167; Co. Lit. 118 *b.* As to the personal property: The mortgage was good between the parties. There

is this distinction between this case and the case of the *Collender Co.* v. *Marshall, post,* that in the former the insolvency was voluntary. Can Adair be permitted in this manner by his own act to avoid his own mortgage? *Pond* v. *Campbell,* 56 Vt. 674; *Burnham* v. *Marshall,* Ib. 365; R. L. ss. 1180, 1191, 1966. The assignee was a proper party. *Therasson* v. *Hickok,* 37 Vt. 463; *Wade* v. *Pulsifer,* 54 Vt. 69.

*J. C. Baker* and *C. L. Howe,* for the defendant.

The building described in the mortgage was personal property,—the personal chattel of Adair. *Smith* v. *Benson,* 1 Hill, 176; *Goddard* v. *Gould,* 14 Barb. 662; *Mott* v. *Palmer,* 1 N. Y. 564; *Sheldon* v. *Edwards,* 35 N. Y. 279; *People* v. *Commissioners,* 80 N. Y. 573; *Doty* v. *Gorham,* 5 Pick. 487; *Marcy* v. *Darling,* 8 Pick. 282; *Dame* v. *Dame,* 38 N. H. 429; 2 Smith Lead. Cas. 222. The building did not become part of the freehold. Tay. L. & T. s. 445. If it became a part of the freehold, it was the property of the owner of the land. *Powers* v. *Dennison,* 30 Vt. 752. The instrument as a chattel mortgage was invalid. R. L. s. 1965; Jones Chat. Mort. s. 37; *Tarbell* v. *Jones,* 56 Vt. 312; *Parker* v. *Morrison,* 46 Vt. 280; *Belknap* v. *Wendall,* 31 N. H. 99. The question is not whether the mortgage is good between the parties, but whether the property passed to the assignee. *Collender Co.* v. *Marshall, post.* The property clearly could have been taken on execution: *Kitteridge* v. *Freeman,* 48 Vt. 62; *Wright* v. *Vaughn,* 45 Vt. 369; *Daniels* v. *Nelson,* 41 Vt. 161; *Farnsworth* v. *Shepherd,* 6 Vt. 521; *Rogers* v. *Vail,* 15 Vt. 327; *Rice* v. *Courtis,* 32 Vt. 460; *Hutchins* v. *Gilchrist,* 23 Vt. 82; but if it could be taken on execution it passed by the statute to the assignee.

The opinion of the court was delivered by

ROYCE, Ch. J. This was a bill brought to foreclose a mortgage executed by the defendant Adair to the orator, on the

27th of September, 1880, to secure the payment of a note of that date for the sum of $500.00 and interest. The property described in the mortgage consisted of a certain shop, situated just north of the depot in Wallingford village of the Bennington and Rutland Railroad, and being the same shop in which the mortgagor manufactured monuments, tombstones, and like marble work; also all the tools and machinery for said business, work on hand, stock in trade, and all marble on hand, or to be on hand; and the horse, wagon, and harness that he then worked and used.

It is alleged in the bill, that Adair was, upon his petition, in February, 1884, adjudged an insolvent by the Court of Insolvency, and that the defendant, Frank W. Johnson, was elected his assignee, and is acting as such; and has taken possession of the property described in said mortgage, and claims that it belongs to the insolvent's estate. The case was heard upon a demurrer to the bill, filed by Johnson as such assignee.

The shop was erected upon the land of the Bennington and Rutland Railway Company under a parol arrangement, that if at any time in the future they should wish to resume possession of the lot, they might give Adair thirty days' notice, within which time he should be at liberty to move off the structure, if he desired.

The estate which Adair acquired in the land upon which the shop was erected under the arrangement made with the railway company was that of tenant at will. Such a tenancy is created where lands or tenements are let by one to another to have and to hold to him at the will of the lessor, by force of which lease the lessee is in possession. Coke on Littleton, sec. 63; 2 Bl. Com. 146; 4 Kent Com. 382; 1 Hill. Real Prop. 382.

The lessor is generally denominated as the landlord, and the lessee as the tenant. Such a lessee has the exclusive right to the possession of the leased premises during his tenancy, and may maintain an action for any disturbance

of his possession. He has the right to the use and occupation of the premises during the pleasure of the lessor. He has an interest in the premises to that extent. His estate comes within the definition of the words *land, lands,* and *real estate* by sec. 9, chap. 1, R. L., and which requires that they shall be treated as real estate.

The interest that he had might be conveyed by mortgage. The shop was a fixture, and the legal title to it was conveyed by the mortgage.

The mortgage of a building erected on leased land under an agreement that the lessee might remove it, or the lessor should pay for it at its appraised value, has been held to be a mortgage of realty, falling within the designation of a chattel real at common law. *Griffin* v. *Marine Co. of Chicago,* 52 Ill. 130.

The legal title to the shop having become vested in the orator by virtue of the mortgage, his title would not be affected by the subsequent insolvency of the mortgagor. All the interest that the mortgagor had in the premises after the execution of the mortgage, or that his estate now has, is an equity of redemption. It is well settled, that the assignee of an insolvent debtor under a general assignment for the benefit of creditors takes the property of the debtor subject to all equitable liens. 1 Jones Mort. 204; *Mitford* v. *Mitford,* 9 Ves. 100; *ex parte Herbert,* 13 Ib. 188.

All the property in the shop that passed to the assignee under the assignment was the debtor's equity of redemption. The lien given by the mortgage as security for the debt described in it remained after the insolvency of the mortgagor, as before. And his right to the security is superior to the right claimed by the assignee.

The personal property described in the mortgage was not so conveyed or treated by the parties as to be secure against a *bona fide* sale by the mortgagor, or attachment or levy of execution by his creditors. It was subject to attachment and levy at the time the debtor was adjudged an insolvent

and the assignee was appointed, and under the insolvent law passed to the assignee. And the right and title of the assignee to it is not dependent upon the fact as to whether the debtor was adjudged an insolvent upon his petition or the petition of his creditors. In either case the creditors are entitled to the same benefit from his estate. .

A question is made by the demurrer as to the propriety of making the assignee a party defendant. Under the insolvent law the property in the equity of redemption passed to the assignee by the assignment. The right to redeem is vested in him; hence he is a necessary party in any proceeding instituted to foreclose that right. 2 Jones Mort. 1438.

The *pro forma* decree of the Court of Chancery, sustaining the demurrer and dismissing the bill, is reversed, and cause remanded with mandate that a decree of foreclosure be entered for the orator for the shop described in the bill.