# FRED BLANCHARD v. R. C. BOWERS.

## January Term, 1895.

*Building on land of another real estate. Tenancy from year to year. Notice to quit.*

1.  A building erected upon the land of another under arrangement with the owner of the land that it shall be removed when required, is real estate.
2.  If a tenant has occupied such a building under a parol lease for many years, paying an annual rent, he is entitled to a notice to quit of six months, looking to the end of the year.

Trespass. Plea, the general issue. Trial by jury at the March term, 1894, Washington county, TYLER, J., presiding. Verdict and judgment for the plaintiff. The defendant excepts.

The injuries complained of were to a certain building standing upon the land of the Central Vermont Railroad Company in Montpelier, and which the plaintiff claimed the right to occupy as the tenant of one Carl Bancroft. The defendant justified his acts as the owner by purchase from this same Bancroft. The plaintiff claimed that upon the facts stated in the opinion the building was real estate, and he, as a tenant from year to year, entitled to six months' notice to quit. The defendant insisted that the building was personal property. The court held with the plaintiff and so instructed the jury, to which the defendant excepted.

*Dillingham, Huse & Howland* for the defendant.

The building was liable to be removed at any moment, and no tenancy requiring a six months' notice to quit could arise. Wood, Land & Ten., s. 86.

*S. C. Shurtleff* for the plaintiff.

The building was real estate. *Stafford* v. *Adair* 57 Vt. 63.

THOMPSON, J. The evidence does not disclose under what arrangement, if any, with the Central Vermont Railroad Company Arthur D. Bancroft's storehouse was "erected and maintained on its land in his lifetime. But it does appear that after his death Johonnott, the guardian of Bancroft's children, in March, 1885, made an arrangement with the railroad company by which it gave him a written license "to erect or construct or repair the old Bancroft storehouse," then on its land, upon the condition, among others, that he should remove all structures made by him on this ground, and surrender up the premises whenever required to do so by the railroad company. This created a tenancy at will in the land, and Johonnott and Carl Bancroft, his assignee, by the plaintiff as their tenant, have ever since had possession of the premises under this arrangement, and it does not appear that they have ever been disturbed in their possession, or called upon by the railroad company to surrender the premises. The plaintiff was in possession of the storehouse at the death of Arthur D. Bancroft under, as he claimed, an oral lease thereof for the term of fifteen years, and attorned to the administrator of Arthur D. for the rent until 1882, when he commenced to pay it to Johonnott as guardian, and paid the same to him annually until 1888 at the rate at which he had paid the administrator, and thereafter at double that rate until July, 1892, and thereafter at the last named rate to Carl Bancroft.

The court below held that as to the plaintiff the storehouse

was real estate, and that he was tenant at will, and as such was entitled to six months' notice to quit looking to the end of the year, and the question of damages was submitted to the jury on this basis. The defendant contends that in this there was error.

*Stafford* v. *Adair,* 57 Vt. 63, was a bill to foreclose a mortgage. The property described in the mortgage was a shop erected by Adair upon the land of the Bennington & Rutland Railroad Company under a parol arrangement, that if at any time in the future it should wish to resume possession of the lot it might give Adair thirty days' notice, within which time he should be at liberty to move off the structure if he desired. Subsequent to the execution of the mortgage Adair was adjudged an insolvent debtor, and his property assigned under the statute to an assignee. The controversy was between the mortgagee and the assignee, the latter claiming that the shop was personal property, and passed to him by virtue of the assignment. It was held that the estate which Adair acquired in the land under his arrangement with the railway company was that of tenant at will, and that his estate came within the definition of the words *land, lands and real estate,* under R. L., s. 9. Under this decision we think the court below was correct in holding that the storehouse was real estate as to the plaintiff, and that he was a tenant at will.

This is the only question now raised by the defendant.

*Judgment affirmed.*