### In re ROGERS & WOODWARD.

### In re RAWSON.

#### (District Court, D. Vermont. September 8, 1904.)

1. CHATTEL MORTGAGE—VALIDITY—BUILDING ON LEASED LAND.

    A building erected by lessees on land upon which they held a lease for a definite term, terminable thereafter by the lessor by a three months' notice, and which provided that the building should be the property of the lessees, with the right to remove the same, on the termination of the lease attached to the leasehold estate, and became real property, and, under the law of Vermont, did not pass by a chattel mortgage not witnessed and recorded in the land records, as required by the statute in case of a mortgage of real estate.

**2. BANKRUPTCY—PROPERTY PASSING TO TRUSTEE—PERSONAL PROPERTY IN POSSESSION OF MORTGAGEE.**

Under the law of Vermont as construed by its highest court, a chattel mortgage is good as to after-acquired property of which the mortgagee has taken possession; and having the right, under such law, to take possession at any time, as well before as after condition broken, a transfer of the property to his possession by the mortgagor within four months prior to bankruptcy does not create an unlawful preference, but on the subsequent bankruptcy of the mortgagor the right to redeem only passes to the trustee.

In Bankruptcy.

Ira H. La Fleur, for claimant.

W. A. Davis, for trustee.

WHEELER, District Judge. The bankrupts had a lease of land: "To have and to hold the same, with all the appurtenances thereunto belonging, until requested to vacate by the party of the first part upon three months' notice, commencing on the 18th day of October, 1900, to be occupied by said party of the second part for the erection of a building to be used as a shoe store, subject to the payment of a rent of one hundred dollars in monthly installments," with covenants for quiet enjoyment, for occupation and payment of the rent, with a right to re-enter and vacate the lease on non-payment for three months, with an agreement that the building should be built at the sole expense of the lessees, and should "be and remain their sole and separate property, and that they shall have the right to remove or sell said building at the expiration of this lease."

The store was built, and stocked with goods, and a chattel mortgage was made of the building, "together with all our right to remove the same," and of the stock in trade, fixtures, etc., "now in said store," with permission "to sell and dispose of said stock in trade upon the condition and provided that they shall immediately within a reasonable time replace such goods as may be sold with other or similar goods of equal value, so that the value of said stock in trade shall at all times be equal to what the same is at the time of the execution of this mortgage," with provision that the mortgage should "extend to and cover all goods purchased or obtained to replace any goods now in said store and covered by this mortgage, and that this mortgage shall cover any goods now in said store and covered by this mortgage, and that this mortgage shall cover any goods hereafter to be acquired that may at any time form part of said stock in trade in said store during the life of this mortgage," to secure a note of $1,500, due in five years, with interest annually. Goods were added to the stock to the amount of $1,030.35, and the interest on the mortgage was paid as it became due. The mortgagors became insolvent, and one of them succeeded to the business, and afterwards proposed to the mortgagee to let him have $500 more, with which he told the mortgagee "he could pull through." The mortgagee refused, and the goods and store were turned over to the mortgagee within the four months before bank-

ruptcy, with the intent of both, as found by the referee, to give the mortgagee a preference over the other creditors.

Question is made whether the mortgagee can hold the building and the after-acquired goods against the trustee. As to the title to the property at the commencement of the bankruptcy proceedings, the laws of the state govern. The mortgage appears to be a good chattel mortgage for what it covers, but it has only one witness, and was not recorded in the land records. The statute authorizes such a mortgage of "personal property" only, and this one will not hold the building if it is real property. Whenever the owner of a building has any estate in the land, the title to the building attaches to that estate, and is as much real estate as that in the land is. 2 Black. Com. c. 2. Here is an estate in the land that cannot be terminated but on three months' notice to quit, or by re-entry on three months' failure to pay. It is for a definite time, and although at will after the time, it is greater than an estate at will. That the lessors are the general owners of the land and the lessees owners of the building is not at all decisive of this question, but that they own an estate in the land on which the building stands is. Stafford v. Adair, 57 Vt. 63. The chattel mortgage does not seem to be sufficient, according to these principles, to hold the building. According to the laws of the state as they appear to have been interpreted by its highest court, possession of after-acquired property under such a mortgage as this brings it within the operation of the mortgage as of its date (Thompson v. Fairbanks, 75 Vt. 361, 56 Atl. 11), and the mortgagee is entitled to possession at any time before, as well as after condition broken (McLoud v. Wakefield, 70 Vt. 558, 43 Atl. 179). The preference acquired by the giving and taking of possession, although within the four months, appears to have been only such as the mortgagee was entitled to. He got only what belonged to him before. Thompson v. Fairbanks, above cited. When the bankruptcy proceedings came, he had accordingly this property in his hands under his mortgage lien, and the right to redeem only passed to the trustee.

Judgment for trustee as to building and for claimant as to after-acquired goods.