## WOLFF *et al. v.* SAMPSON.

1. As between grantor and grantee, the strict rule of the common law prevails, that, in the absence of an agreement to the contrary, all fixtures, whether actually or constructively annexed to the realty, pass by a conveyance of the freehold.

2. The evidence authorized a finding that all of the articles which were removed, except the gas fixtures, were upon the premises at the time the plaintiff's vendor acquired title from the defendants, and that there was no agreement reserving title to such articles. The defendants therefore had no right, as tenants under the plaintiff, to remove those articles, but did have the right to remove the gas fixtures, as they were placed in the building during their tenancy under the plaintiff's vendor.

3. The judgment will be affirmed, upon condition that the plaintiff write off from the verdict the value of the gas fixtures, as indicated in the opinion.

Argued May 24,—Decided June 16, 1905.

Trover. Before Judge Mitchell. Thomas superior court. January 6, 1905.

Sampson brought an action against Charles and S. M. Wolff to recover possession of eight pine store counters, "one low down syphon water-closet," and fixtures consisting of water pipe, lead

and screws, seven gas fixtures and chandeliers, one lot of pine partitions, and pine office railings and posts, all alleged to be of the value of $318.50. The defendants answered, denying title in the plaintiff and setting up title in themselves. The trial resulted in a verdict in favor of the plaintiff for the sum of $225. The defendants made a motion for a new trial, which being overruled, they excepted. For the other facts see the opinion.

*J. H. Merrill*, for plaintiffs in error.
*Theodore Titus* and *J. F. Mitchell*, contra.

COBB, J. The motion for a new trial consisted of the general grounds and mere amplifications of the same. There is no assignment of error on any ruling of the judge during the progress of the case. Under such circumstances, if there was evidence to support any theory which would justify a finding in favor of the plaintiff, this court will not interfere with the discretion of the judge in refusing to grant a new trial. The defendants were the owners of a storehouse which they sold to Rachel Wolff, who in turn sold to the plaintiff. There is no abstract of the deeds in the brief of evidence, but it is to be inferred from what appears therein that the deeds contained nothing more than the usual covenants in deeds of bargain and sale. After the sale to Rachel Wolff the defendants became her tenants, and continued as tenants of Sampson after his purchase. It distinctly appears that the gas fixtures were placed in the store by the defendants during the tenancy under Rachel Wolff. There is some confusion in the evidence as to the time the other articles were placed in the store, but there is evidence to authorize a finding that they were placed therein by the defendants prior to the sale to Rachel Wolff, one of the defendants testifying: "The partitions, necessary counters, and shelving and water-closet were in there when I sold to Rachel Wolff, and were still there when she sold to the plaintiff." The articles were removed from the store by the defendants before the expiration of their tenancy under the plaintiff. The plaintiff claims that he derived title to the property in controversy under his deed from Rachel Wolff. The defendants claim that these articles were mere trade fixtures, which they had a right to remove during their term. The evidence shows that the partitions, office railing, water-closet, and gas fixtures were at-

tached to the building in the way that such articles are usually attached to buildings in which they are situated. It does not appear that the counters were attached either by nails or screws, but they were of such a character as to be suited to the building and the business that was expected to be carried on therein by any one who occupied the same.

Whether an article of personalty connected with or attached to realty becomes a part of the realty, and therefore such a fixture that it can not be removed therefrom, depends upon the circumstances under which the article was placed upon the realty, the uses to which it is adapted, and the parties who are at issue as to whether such an article is realty or detachable personalty. The general rule of the common law was that articles attached to the realty become a part thereof; but there was an exception to this rule in the case of trade fixtures. *Charleston Ry. Co.* v. *Hughes,* 105 *Ga.* 1, 23 (4); *Wright* v. *DuBignon,* 114 *Ga.* 765 (1). There was also an exception in the case of domestic fix-tures which were placed upon the property by a tenant not engaged in any trade, but merely for the more convenient use of the premises during the term, and which were of such a character as to indicate that it was not the intention of the tenant that such articles should become a part of the freehold. *Wright* v. *DuBignon,* 114 *Ga.* 765 (2). The rule in reference to trade fixtures is applicable in cases of landlord and tenant, or where the occupant is in for a limited time; but it generally has no application whatever between a grantor and grantee. Mr. Bronson, in his work on Fixtures, says: " As between grantor and grantee, the strict rule of the common law obtains, and the general rule, in the absence of any agreement between the parties to the contrary, undoubtedly is that all fixtures, whether actually or constructively annexed to the realty, pass by a conveyance of the freehold. As between these parties, there is a strict observance of old common-law principles as to fixtures, and the courts have shown an unwillingness to extend the exceptions to the general rule granted to tenants in cases of fixtures between landlord and tenant. In this respect there is an apparently good reason why the courts should maintain that attitude; for the grantor, before the conveyance of his freehold, is the owner of all his fixtures, as well as the realty to which they are attached.

He knows what the law is, and it is in his power to make the fixtures personalty before sale of the premises, either by a severance or by an agreement in the instrument of conveyance duly reserving them to himself." Bronson on Fixtures, § 44. "The fact that articles attached to the premises have been devoted to purposes of trade, domestic convenience, or ornament does not thereby entitle the grantor to remove the same. The exception to the general rule in favor of this class of fixtures is not operative as between grantor and grantee." Bronson on Fixtures, § 47. See also 13 Am. & Eng. Enc. Law (2d ed.), 662 et seq. The grantor might, before surrendering possession, be allowed to remove domestic fixtures which could be detached with little or no injury to the freehold, when he would not be allowed to remove trade fixtures under similar circumstances. The owner of a place of trade is generally not permitted to remove trade fixtures adapted to the purpose for which the building was constructed, in the absence of an agreement to that effect, entered into at the time of the sale. In the absence of such an agreement, the fixtures will pass under the instrument which conveys title to the realty. The right to remove annexed articles as personalty may be reserved in the instrument conveying title to the realty, or by an agreement extrinsic and collateral.

It has been held, however, that a parol reservation of fixtures, made by the grantor before or at the time of the conveyance, is ineffective, for the reason that parol contemporaneous evidence is inadmissible to vary the terms of a valid written contract. Bronson on Fixtures, 266. However, in *Richards* v. *Gilbert*, 116 *Ga.* 382, a parol agreement seems to have been treated as sufficient. But the question as to whether the agreement should have been in writing was not directly passed upon in that case, the parol evidence having been admitted without objection. The articles in controversy, other than the gas fixtures, being upon the premises at the time of the sale to Rachel Wolff, and being either actually or constructively attached to the building, and all of them being adapted to the use for which the building was constructed, became the property of Rachel Wolff under her deed from the defendants, unless there was an agreement to the contrary between her and them. The burden was upon the defendants to show such an agreement; and, for the purposes of this

case, treating a parol agreement as sufficient, the evidence was of such a character as to authorize the jury to find that there was no such agreement. One of the defendants stated in his testimony that he did not sell these fixtures to Rachel Wolff; but taking the evidence as a whole, the jury could properly infer that this was merely a conclusion of his that title to the fixtures did not pass under the deed. If Rachel Wolff became the owner of the fixtures, and her title never became divested prior to the sale to the plaintiff, then under her deed to him he acquired title to such of the fixtures as were on the property at the time Rachel Wolff acquired title. We think the jury could find, from the evidence, in favor of the plaintiff, so far as the articles other than the gas fixtures were concerned. Gas fixtures, being easily removable and generally without any injury whatever to the freehold, and being merely the substitute for lamps or candle-stands, which were always personalty and removable, may be removed by a tenant, in the absence of a stipulation to the contrary. Bronson on Fixtures, § 53, p. 258. See also *McCall* v. *Walker*; 71 *Ga.* 290. The defendants had a right to remove the gas fixtures, but the removal of the other articles was unauthorized. The judgment will be affirmed, on condition that the plaintiff will, within ten days from the time the remittitur is filed in the office of the clerk of the trial court, write off from the verdict the sum of $21, which being done, the judgment shall stand affirmed. If this be not done the judgment shall be reversed. The costs of this writ of error in either event are to be taxed against the defendant in error.

*Judgment affirmed, on condition. All the Justices concur, except Simmons, C. J., absent.*