W. H. HOBBS & SON *v.* GRAND TRUNK RAILWAY COMPANY.

May Term, 1919.

Present:   WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed October 7, 1919.

*Landlord and Tenant—Lessee Holding Over—Holds Subject to Terms of Original Lease—Tenancy by Implication—Original Lease Evidence of Terms—Conveyance of Tenant's Interest—Conveyance of Greater Interest Than Grantor Owns —Waiver of Exceptions—Motion for Verdict—Ground Not Raised Below.*

A tenant for a fixed term, by holding over after the expiration of his lease with the consent and acquiescence of the landlord, becomes a

NOTE:—When this case was originally argued it was assigned to Mr. Justice Haselton.   Upon his retirement from the bench, the case, being ordered for reargument, was assigned to Mr. Justice Slack.

tenant[at will or from year to year] and, in the absence of an agreement to the contrary, holds the premises subject to all the covenants and conditions of the original lease.

Where a tenant holds over after the expiration of his lease, very slight acts on the part of the landlord or a slight lapse of time are sufficient to conclude the landlord's election and make the occupant his tenant.

Where a tenancy by implication is created by the tenant holding over with the consent of the landlord, the original lease is proper evidence of the covenants and conditions of such tenancy.

Where a tenant, under the terms of his lease, erected a building on the leased land, he had, during the tenancy, an interest in the building and leased land that he could convey by deed.

A deed which purports to convey a greater interest in land than owned by the grantor will operate as a conveyance of all the interest he had.

A defendant waives his exceptions to the overruling of his motion for a directed verdict at the close of plaintiff's evidence by proceeding with the trial.

Grounds of exceptions not briefed are waived.

A ground for a directed verdict that was not before the trial court because of the erroneous exclusion of certain evidence, will not be considered on review.

TORT FOR NEGLIGENCE. Plea, the general issue. Trial by jury at the April Term, 1916, Essex County, *Waterman, J.,* presiding. Verdict and judgment for the plaintiffs. The defendant excepted. The opinion states the case.

*Drew, Shurtleff, Morris & Oakes* for the defendant.

The holding over by an assignee of the lessee will bind such assignee as a tenant under the terms of the original lease. *Dimock* v. *Van Bergen,* 12 Allen 551; *Probst* v. *Laundry Co.,* 171 N. Y. 584; *Tolle* v. *Orth,* 75 Ind. 289, 39 Am. Rep. 147; *Brewer* v. *Knapp,* 1 Pick. 332; *Bowen* v. *Brown,* 9 Conn. 334; *Sullivan* v. *Ringler,* 171 N. Y. 693.

*Amey & Cameron* and *Alexander Dunnett* for the plaintiffs.

SLACK, J. This suit is to recover the value of a storehouse

that formerly stood on the defendant's right of way, on lot No. 4, in Brighton, Vermont, and was destroyed by fire May 10, 1914.

The plaintiffs' evidence tended to show that the building was erected by Samuel D. Hobson under the terms of a lease from the defendant to him, dated October 1, 1884. This was not disputed. For the purpose of showing title to the building, the plaintiffs offered in evidence a quitclaim deed of lot No. 4 from Nathan L. Woodbury to Samuel D. Hobson, dated September 20, 1871, a warranty deed from the latter to E. F. Hobson, dated April 1, 1905, and a like deed from each of several successive owners down to the plaintiffs. These deeds were admitted subject to the defendant's exception.

The defendant offered in evidence the lease to Samuel D. Hobson, above referred to, and upon objection thereto by the plaintiffs, that being for a fixed term of years which expired January 1, 1889, 'neither Hobson nor his successors were thereafter bound by any of the stipulations or agreements contained therein,' it was excluded subject to the defendant's exception. These two exceptions present the main questions in the case. They are considered in their inverse order.

The lease was for the term of five years from January 1, 1884. The defendant gave its consent therein to the erection of a warehouse on the leased land "on the conditions contained in this deed." One of the conditions contained therein was as follows: "And it is also agreed, that the party of the second part takes all the risk as to fire arising from engines or otherwise, and that he shall, in no case, have any claim upon the said railway company on account of fire from any cause whatsoever, whether occasioned by the negligence or acts of the servants of said railway company or otherwise." The lease also provided for the removal of the building at the expiration of the lease by the lessee, or upon his failure to remove the same within 30 days the defendant might do it at his expense. It contained other provisions not necessary to notice here. Hobson took possession of the land on which the storehouse was erected, under and by virtue of this lease, and continued to occupy the same during the full term of the lease and for more than fifteen years after its expiration.

Our first inquiry is: What were the relations between him and the defendant, concerning this land, after the expiration of the original lease? It is true, as argued by the plaintiffs, that he

did not hold the premises under that lease, because that had expired; but it does not necessarily follow that he was not a tenant of the defendant during that time and bound by the same covenants and agreements contained in that lease. While the relation of landlord and tenant can exist only by virtue of a contract, express or implied, such relation may arise when a tenant, under a lease for a fixed term, holds over after the expiration of the lease. *Amsden* v. *Atwood,* 67 Vt. 289, 31 Atl. 448. If a tenant for a fixed term holds over after the expiration of the lease, with the consent or acquiescence of the landlord, he thereby becomes a tenant at will or from year to year according to the circumstances. In either case he holds the premises subject to all covenants and conditions of the original lease, without any new stipulation or bargain to that effect. *Amsden* v. *Atwood, supra,* and cases there cited; *Park* v. *Castle,* 19 How. Prac. (N. Y.) 29; *Bascom* v. *Brown,* 9 Conn. 334; *Conway* v. *Starkweather,* 1 Denio (N. Y.) 113.

Hobson died before the trial, and there was no direct evidence that he paid rent after the termination of the lease. But this is not material because assent by the landlord may be shown by any act on his part which recognizes the party holding over as tenant. In Jones on Landlord and Tenant, par. 205, the rule is stated thus: "Time only is necessary, in the absence of other evidence, to establish the consent or acquiescence of the landlord in a case where the landlord, himself, is relying upon the renewal agreement. As a matter of fact, very slight acts on the part of the landlord, or a short lapse of time, are sufficient to conclude his election and make the person holding over his tenant." Mr. Taylor in his work on Landlord and Tenant (Vol. 1, par. 22), says: "Very slight acts on the part of the landlord or a slight lapse of time, are sufficient to conclude his election and make the occupant his tenant." *Conway* v. *Starkweather, supra; Providence County Savings Bank* v. *Hall,* 16 R. I. 154, 13 Atl. 122; *Scott* v. *Beecher,* 91 Mich. 590, 52 N. W. 20.

Hobson's long occupancy, unexplained, would be evidence tending to show the consent of the defendant to accept and treat him as a tenant after the expiration of the original lease. If a tenancy by implication was created, it would, in the absence of evidence to the contrary, continue, subject to the covenants and conditions of that lease. The lease was proper evidence of what those covenants and conditions were. As was said in

*Amsden* v. *Atwood, supra,* ''The lease is not the contract under which the tenant holds, but is *evidence* of the contract.'' It was error to exclude it.

If the relation between Hobson and the defendant, after the expiration of the written lease, was that of landlord and tenant, we think that he had an interest in the storehouse and the land on which it stood, that he could convey by deed, at the time he gave the deed to E. F. Hobson.

In *Hagar* v. *Brainerd,* 44 Vt. 294, which was an action of trespass *quare clausum* and case, for the removal of a dwelling house and the underpinning stones, the plaintiff, to show title, gave in evidence a lease to one Turner under the terms of which Turner had the right to erect a dwelling house on the leased land and remove it at the expiration of the lease. He also gave in evidence a mortgage deed of said premises from Turner to himself, a petition to foreclose the same, and a decree of the court of chancery in accordance with the prayer of the petition. The defendant excepted to the admission of the mortgage, insisting that the dwelling house and underpinning stones were chattels and could not be conveyed by a real estate mortgage. It was held otherwise, however, the Court saying: ''We entertain no doubts but that Mary Ann Turner, having an estate in the premises which expired May 1, 1867, occupied by a dwelling house, which had been placed there with the permission of the owner in fee, had an interest in the property that she could convey by mortgage. It was an interest in real estate—the right to use it for a limited time with a dwelling house.' The house and underpinning stones became attached to and a part of that interest.'' *Stafford* v. *Adair,* 57 Vt. 63; *Blanchard* v. *Bowers,* 67 Vt. 403, 31 Atl. 848. ''The words 'land,' 'lands' and 'real estate' shall include lands, tenements and hereditaments and all rights thereto and interests therein,'' etc. G. L. 12. ''Conveyance of land or of an estate or interest therein may be made by deed,'' etc. G. L. 2734. Each succeeding grantor in the plaintiffs' chain of title had a like interest in the premises.

The deeds were, therefore, properly received in evidence, if they covered the grantor's interest in the leased land and storehouse. While each deed purports to convey all of lot No. 4, and does not in any way refer to the storehouse or land on which it stood, we think that they included and conveyed such interest as the respective grantors had therein. In *Williams* v.

*Robinson,* 16 Conn. 516, it was said: "Although the deed to the plaintiff purports to convey an estate in fee in two-fifths of the farm, yet if the mortgagor owned but one-fifth, or an estate for life only, the deed will operate as a conveyance of all the interest he had." 13 Cyc. 656 and 657; *Bray* v. *Conrad,* 101 Mo. 331, 13 S. W. 957; 2 Devlin on Deeds, par. 849. The deeds were properly admitted.

At the conclusion of the plaintiffs' evidence the defendant moved for a directed verdict on the ground that there was no evidence in the case tending to show negligence on the part of the defendant, and, second, that there was no evidence tending to show that the fire complained of was set by a spark from the defendant's engine. This motion was overruled, subject to the defendant's exception. It was renewed at the close of all the evidence and again overruled, subject to the defendant's exception.

The defendant waived its exception to the overruling of its first motion by proceeding with the trial. *Latremouille* v. *Bennington & Rutland Ry. Co.,* 63 Vt. 336, 22 Atl. 656. While the defendant still insists that it was entitled to a directed verdict, it does not now urge its claim upon either of the grounds embodied in its motion. These grounds have not been briefed and we treat them as waived. It now contends that a verdict should have been directed in its favor because the provision relating to loss by fire, contained in the lease, is a bar to plaintiffs' right to recover. Whatever force this provision may have, it was not before the lower court because the lease was not in evidence, and (therefore) it is not properly before this Court and we do not consider it.

*Judgment reversed, and cause remanded.*