## RHYNE *v.* MAYHUGH.

1. The sale of a telephone line with the appurtenances, such as that described in the petition in this case, embraces a sale of an interest in realty; and any contract for the sale of lands or any interest in or concerning them, to be binding upon the parties thereto, must be in writing.

2. The plaintiff relied upon a memorandum alleged to have been made by an auctioneer, which the plaintiff insists took the place of the written contract required in all sales of land or an interest therein. The memorandum set out in the petition and relied upon for the purposes stated merely recites that a telephone line, without any description to identify the particular telephone line, had been sold for a certain amount, a named per cent. to be paid in cash and the balance to be paid at a date stated. Even if this was a memorandum made by an auctioneer, it is insufficient to have the force and character of the memorandum referred to in section 4107 of the Civil Code, relating to sales by auctioneers. It has no sufficient description of the property sold, does not show whose property it was; and besides, the written addition thereto, that the memorandum was to be signed by the purchaser, shows that it was not a complete memorandum and such as was contemplated in the code section just referred to.

3. The contract for the property sold not being in writing, even if a part of it was personalty, it was attached to and was an appurtenance to the realty, and could not be severed therefrom so as to authorize its recovery independently of a right to recover that part of the property sold which was realty.

No. 3396. September 7, 1923.

Equitable petition. Before Judge Blair. Cherokee superior court. August 9, 1922.

*John S. Wood* and *J. R. Whitaker,* for plaintiff.

*E. W. Coleman,* for defendant.

Beck, P. J. Mrs. Hardy Rhyne brought her petition against J. N. Mayhugh, for specific performance. It is alleged that the defendant, through the Atlanta Land Auction Company, sold at auction a certain telephone line, including poles, wires, telephones, etc.; at which auction the petitioner was the highest and best bidder, and the property was knocked off to her. Under the terms of the sale the sum of ten dollars in cash was paid, and the balance, $45, was to be paid by January 1, 1921, at which time the property was to be delivered to petitioner by defendant and the proper conveyance by him executed to her. Petitioner paid the $10 cash; she tendered and still tenders the remainder of the purchase-price; the property is worth $500. The prayer is for a decree requiring the defendant to deliver possession of the telephones, poles, etc., and to execute proper conveyance. The following memorandum and agreement was executed by petitioner at the time of the sale of the property, the same "having been made by the agent and auctioneer of the defendant:"

"September 22nd, 1920. Atlanta Land Auction Company sold to Mrs. Hardy Rhyne telephone and line for the sum of fifty-five dollars on terms of fifteen per cent. of the purchase-price cash. The purchaser has the privilege of paying all cash, getting a discount of — per cent., deferred payments January 1, 1921.

"Agreement to be signed by purchaser: I the undersigned purchaser of the above at auction do hereby agree to take same and make a settlement as per above statement immediately after this sale. [Signed] Mrs. Hardy Rhyne."

A general demurrer to the petition was sustained, and the case dismissed. To this judgment the plaintiff excepted.

1. The sale of a telephone line with the appurtenances, such as that described in the petition, embraces a sale of an interest in

realty; and any contract for the sale of lands or an interest in or concerning them, to be binding upon the parties thereto, must be in writing. Jones on Telegraph & Telephone Companies, § 141, and cases cited; 26 R. C. L. 510 (§ 23); 25 R. C. L. 550 (§ 152); 9 R. C. L. 735 (§ 2). The mere payment of $10 was not such part performance as to take the transaction out of the statute of frauds.

2, 3. The plaintiff relies also upon the code section declaring that, "In case of sales by auction, the auctioneer shall be considered agent of both parties, so far as to dispense with any further memorandum in writing than his own entries," and insists that the memorandum in this case was sufficient to bring the transaction within the provisions of that section. For more than one reason the memorandum set forth in the petition does not meet the requirements of the section quoted (§ 4107). The memorandum is defective, because it does not contain a sufficient description of the thing sold, nor in any way identify the property. Moreover, the memorandum here relied upon by the plaintiff does not set forth the name of the promisor nor of the promisee. In the case of *Oglesby Grocery Co.* v. *Williams Mfg. Co.,* 112 *Ga.* 359 (37 S. E. 372), it was said: "A memorandum relied upon to take out of the statute of frauds a contract thereby required to be in writing must in some way indicate or show who are the parties to such contract, not only who is the promisor, but who is the promisee as well." An entry in some way describing the property sold, so as to identify it, the name of the purchaser and the price, would be a sufficient entry to go to the jury; and if there were ambiguities, parol testimony might be admissible to explain them. *Ansley* v. *Green,* 82 *Ga.* 181 (7 S. E. 921). Besides the defects already indicated in this memorandum, there is another defect. At the bottom of the memorandum are these words: "Agreement to be signed by purchaser." The purchaser did sign it, it is true; but attention is called to this statement to show that the memorandum can not be regarded as the memorandum made by an auctioneer, which is treated as binding on both parties, for that would not require the signature of the purchaser; the auctioneer in such case, if a disinterested party, being agent of purchaser and vendor. Counsel for the plaintiff insists, if the contract as a whole can not be enforced, that the telephone instru-

ments were certainly personalty and the title to them, at least, could be declared. We do not think so. The line and the personalty were sold as a whole. It can not be dismembered and a part held to be realty and a part personalty, so as to give title to the purchaser of the personalty.

*Judgment affirmed. All the Justices concur.*