HOLLAND FURNACE COMPANY *v.* LOWE *et al.*

No. 8097. JUNE 10, 1931.

*Charles G. Bruce,* for plaintiff in error.

*William C. Henson, Bond Almand,* and *Craighead & Craighead,* contra.

HINES, J. (After stating the foregoing facts.) The question for decision is this: If a cotenant purchases a furnace for installation in a dwelling owned by him and his cotenants, the purchaser representing that he is the sole owner of the property, and the seller, acting in good faith in relying upon such representation, sells and installs a furnace upon the premises under a contract of sale in which the purchaser stipulates that he is the sole owner of the premises, that the furnace is to remain personalty, that title thereto is to remain in the seller until the deferred payments of the purchase-price are paid in full, and that upon default of the purchaser in the payment of any one of the deferred payments of the purchase-money the seller can remove the furnace from the dwelling; and if the purchaser, having paid only a small initial payment upon the purchase-price, defaults in the payment of the deferred installments thereof, and under an accelerating clause in the contract of sale the seller declares all of the purchase-money due, makes demand upon the purchaser for the furnace, and upon his refusal to deliver the furnace or permit the seller to remove it the seller institutes an action of trover to recover from the purchaser the furnace, can the cotenant of the purchaser in equity enjoin the trover action and the seller from removing the furnace from the dwelling, if the furnace can be removed from the dwelling without material damage to the dwelling? Where there is a contract by the express terms of which fixtures are to be considered as personalty, they will, as between the parties, be so treated. *Smith* v. *Odom,* 63 *Ga.* 499; *Wright* v. *DuBignon,* 114 *Ga.* 765 (40 S. E. 747, 57 L. R. A. 669); *Richards* v. *Gilbert,* 116 *Ga.* 382 (42 S. E. 715); *Power* v. *Garrison,* 141 *Ga.* 429 (81 S. E. 225); *Armour* v. *Block,* 147 *Ga.* 639 (95 S. E. 228); *Wofford Oil Co.* v. *Weems-*

*Fuller Co.,* 166 *Ga.* 173, 175 (142 S. E. 887). According to the contract in this case the furnace, though attached to the realty, remained personalty. *Columbus Heating &c. Co.* v. *Burt,* 166 *Ga.* 158 (142 S. E. 551). Under the contract involved in this case it is clear and indisputable that the title to this furnace, as between the Holland Furnace Company and Brooks, remained in the furnace company. It retained its character as personalty. It did not become a part of the realty. This being so, the furnace could be removed from the dwelling in which it was installed, unless the removal would materially injure the realty. *Williams* v. *Ideal Plumbing Co.,* 41 *Ga. App.* 607 (154 S. E. 212). The seller of bathroom and plumbing fixtures, under a conditional bill of sale duly filed, is entitled to assert title thereto as against a purchaser on foreclosure of a prior real-estate mortgage, the purchaser at the foreclosure sale being charged with notice of the conditional bill of sale. Colwell Lead Co. *v.* Home Title Insurance Co., 154 App. Div. 83 (138 N. Y. Supp. 1112). This does not mean that the removal of the furnace must not lessen the value of the premises. If this were so, no fixture attached to realty could ever be removed. When the title to a fixture is by contract expressly retained by the seller, such fixture can always be removed as against the purchaser, and even against purchasers or encumbrancers for value with notice of the title so reserved by the seller, if the removal can be effected without material damage to the freehold.

But it is said in this case that the furnace was purchased and installed by one of the tenants in common, and not under contract or agreement with his cotenants; and it is insisted that for this reason the furnace can not be removed, even if the removal would not materially injure the dwelling. With this contention we can not agree. A tenant in common can make improvements upon real estate owned by him and others as cotenants. So where the conditional buyer of a silo placed the same upon land of his wife in such a manner that it could be removed without damage thereto, it was held that the conditional seller's rights were superior to the rights of the wife, where she failed to show that she was a purchaser without knowledge of the conditional contract, or that she had parted with some right on account of the annexation of the property to her realty, notwithstanding the fact that the contract of condi-

tional sale was not even recorded. Creamery Package Co. *v.* Horton, 178 App. Div. 467 (165 N. Y. Supp. 257). So a heating apparatus bought by a man under contract reserving title in the seller, and permanently placed in a building owned by himself and his wife by entireties, does not become a fixture so as to prevent its removal for non-payment of the purchase-money, if removal will not materially injure it or the building, since there is no unity of title in it and the real estate. Schellenberg *v.* Detroit Heating &c. Co., 130 Mich. 439 (91 N. W. 47, 97 Am. St. R. 489, 57 L. R. A. 632). This ruling is based upon the principle that to constitute a fixture there must be annexation to the realty, together with unity of title and ownership of the realty and thing affixed. When the ownership of the land is in one person and of the thing affixed to it is in another, and in its nature it is capable of severance without injury to the former, the fixture can not, in contemplation of law, become a part of the land, but must necessarily remain distinct property to be used and dealt with as personal estate. The fact that the buyer of a thing affixed to the freehold has an undivided interest in the latter can not render the former a fixture when the interests are different in extent. A thing can not, as to an undivided interest therein, be realty, and, as to another undivided interest, be personalty. It must be one or the other.

There is another conclusive reason why the plaintiff in this case can not enjoin the seller of this furnace from removing it from the dwelling in which it was installed. She comes into a court of equity to assert title to this furnace. While it is true, as a general rule, that if a tenant in common improve the property while in possession and claiming to be sole owner, and with no permission or request from the cotenant, the latter is not chargeable with the value of such improvements beyond her share of the rents chargeable to the former, there is an exception to this general rule; and that is, where one cotenant comes into equity and seeks its aid to enforce his title, equity, in decreeing the relief, will require him to account for the improvements. *Bazemore* v. *Davis, 55 Ga.* 504 (10), 519. This doctrine is based upon the familiar and one of the fundamental maxims of equity that he who comes into equity must do equity. Civil Code (1910), § 4521. It would be inequitable for the plaintiff in this case to retain and enjoy the benefits of this furnace, when the seller has been paid only a pittance of its value.

There is but one other matter to be considered, and that is, whether this furnace can be removed without material injury to the dwelling in which it was installed. In passing upon this question the only evidence introduced by the plaintiff was her sworn petition, in which she alleged that the furnace could not be removed without material injury to the dwelling. She gave no facts upon which this allegation was based; and it amounted to a mere expression of opinion. On the contrary the furnace company introduced evidence showing the manner in which the furnace was installed, and that it could be removed without any material injury to the dwelling. In these circumstances a finding on this question was demanded in favor of the Holland Furnace Company.

It follows from the above rulings and from the facts in evidence that the trial judge erred in so far as he enjoined the company from the prosecution of its suit to recover possession of this property, and in ordering the sale of the property including the furnace for the purposes of partition.

*Judgment reversed. All the Justices concur.*