## 25865. CONSOLIDATED WAREHOUSE CO. *v.* SMITH.

DECIDED FEBRUARY 4, 1937.

*Franklin & Eberhardt,* for plaintiff.

*Converse & Coleman, George E. Simpson,* for defendant.

SUTTON, J. This was a trover suit by the Consolidated Warehouse Company against J. R. Smith for the recovery of a certain platform scale. The defendant answered, denying the material allegations of the petition, and alleged that the title to the scale was in him and H. J. Durdle, a non-resident, and that the right to the use, possession, and enjoyment of it was in them. Substantially the following facts appeared from the evidence in the

record: The property sued for is a platform-scale weighing 1500 pounds, installed in a tobacco warehouse at one time owned by the plaintiff and located in the town of Hahira, the framework of the scale being bolted to 6" x 8" sills embedded in cement on three walls of brick and mortar under the warehouse floor, the platform being even with the floor, and the dial frame of the scale being bolted to the floor; the foundation and the place in the floor where the scale is located were made for this particular scale; it was installed by the owner at the time the building was erected, has been there ever since, and has been used in connection with the warehouse, which can not be operated without a scale; and this scale could be detached and removed from the warehouse without damage to the scale or the building. The building was erected and the scale installed by the Hahira Tobacco Warehouse Company, the date not being shown; but this was before October 12, 1925, as the record discloses that a security deed from that company to the Bank of Hahira, conveying this property, was recorded on the date just mentioned. This bank conveyed the warehouse to certain persons on December 27, 1927, and these persons conveyed it to the Consolidated Warehouse Company on September 12, 1929. The description of the property conveyed in the deeds just mentioned is the same as that contained in the security deed next referred to. On September 12, 1929, the Consolidated Warehouse Company, executed to the First National Bank of Valdosta a security deed conveying property described as follows: "One tobacco warehouse located in the Town of Hahira, Lowndes County, Georgia, on land leased from G. S. & F. Railway Company, said building being built of wood and is two hundred and fifty (250) feet long and one hundred (100) feet wide, together with all additions to said building, and is bounded as follows: south by Main Street, west by Lawson Street, north by Lowndes Street, and east by an alley." On November 7, 1933, the Consolidated Warehouse Company, by the First National Bank of Valdosta as its attorney in fact, executed to the First National Bank of Valdosta a deed conveying the same property. On January 7, 1935, the First National Bank of Valdosta executed to J. R. Smith a deed conveying the same property.

On the trial it was agreed by counsel for both parties that the Consolidated Warehouse Company owned the warehouse, whatever

it may be, on September 12, 1929, when it made the security deed to the First National Bank of Valdosta, and the G. S. & F. Railway Co. owned the land on which the building was located, and that the defendant Smith had acquired the warehouse since that date; but they were in dispute as to what the conveyance to him carries. The jury returned a verdict for the defendant. The plaintiff's motion for new trial was overruled, and it excepted.

■ The Code declares: "Realty or real estate includes all lands and the buildings thereon, and all things permanently attached to either, or any interest therein or issuing out of or dependent thereon. The right of the owner of lands extends downward and upward indefinitely." § 85-201. "Anything intended to remain permanently in its place, though not actually attached to the land, such as a rail fence, is a part of the realty and passes with it. Machinery, not actually attached, but movable at pleasure, is not a part of the realty. Anything detached from the realty becomes personalty instantly on being so detached." § 85-105. See also *Cunningham* v. *Cureton,* 96 *Ga.* 489 (4), 492 (23 S. E. 420). In *Wolff* v. *Sampson,* 123 *Ga.* 400, 402 (51 S. E. 335), it was held: "Whether an article of personalty connected with or attached to realty becomes a part of the realty, and therefore such a fixture that it can not be removed therefrom, depends upon the circumstances under which the article was placed upon the realty, the uses to which it is adapted, and the parties who are at issue as to whether such an article is realty or detachable personalty. The general rule of the common law was that articles attached to the realty become a part thereof; but there was an exception to this rule in the case of trade fixtures. *Charleston &c. Ry. Co.* v. *Hughes,* 105 *Ga.* 1 (4), 23 [30 S. E. 972, 70 Am. St. R. 17]; *Wright* v. *DuBignon,* 114 *Ga.* 765 [40 S. E. 747, 57 L. R. A. 669]. . . The rule in reference to trade fixtures is applicable in cases of landlord and tenant, or where the occupant is in for a limited time; but it generally has no application whatever between a grantor and grantee. . . The owner of a place of trade is generally not permitted to remove trade fixtures adapted to the purpose for which the building was constructed, in the absence of an agreement to that effect, entered into at the time of the sale. In the absence of such an agreement, the fixtures will pass under the instrument which conveys title to the realty. The right to remove annexed

articles as personalty may be reserved in the instrument convey-
ing title to the realty, or by an agreement extrinsic and collateral."
See also *Pendley Brick Company* v. *Hardwick,* 6 *Ga. App.* 114 (64
S. E. 664); *Brigham* v. *Overstreet,* 128 *Ga.* 447, 450 (57 S. E.
484, 10 L. R. A. (N. S.) 452, 11 Ann. Cas. 75).

It appears from the evidence that the scale was installed in the
building at the time of its erection, placed on and attached to a
foundation constructed for this particular scale under the floor
of the warehouse, fitted in an opening in the warehouse floor made
for it, and attached to the floor; that the scale had been so located
in the building for ten years or more, and that the tobacco ware-
house could not be operated without scales. Under the evidence
the jury was authorized to find that the scale was a permanent
fixture and a part of the warehouse building. There was evidence
to support the contention of the plaintiff that the scale could be
unbolted and removed from the building and its foundation, with-
out injury to the building or the scale; but it does not neces-
sarily follow from this that such scale was not a permanent fix-
ture and part of the building. It was agreed by counsel during
the trial, that on September 12, 1929, when the Consolidated Ware-
house Company made the security deed to the First National Bank
of Valdosta, the plaintiff owned the tobacco warehouse described
therein and the G. S. & F. Railway Co. owned the land on which
it is situated. It is not unusual that, while one person may own
certain land upon which a building is erected, the building, though
taking on the nature of realty when attached to the land, may be
separately owned by another person. It is not infrequent that
portions of a building on land may be owned by different persons,
one person owning one story, one another, etc., interests distinct
from that of the person who owns the land on which such build-
ing is situated, though such ownership is usually to be found only
in the larger cities. But it is contended by the plaintiff that the
scale did not become a part of the warehouse, because the title
to the warehouse was in one person and the title to the land on
which it is located was in another. It is recited in the deeds in-
troduced in evidence that the warehouse is on land leased from
the railway company, but it does not appear from the record how
long the lease runs or whether the owner of the building has the
right to remove the building from the land. However, it does

appear from the evidence that the building had been on the land for as much as ten years at the time of the trial. The Code declares: "An estate for years is one which is limited in its duration to a fixed period or which may be made fixed and certain. If it is in lands, it passes as realty. It may be for any number of years, provided the limitation is within the rule against perpetuities." § 85-801. "When one grants to another an estate for years out of his own estate, reversion to himself, it is usually termed a lease. It may be confined to a particular interest in lands such as mining or agricultural, in which event no other interest shall pass." § 85-806. In Blanchard v. Bowers, 67 Vt. 403 (31 Atl. 848), it was held: "A building erected upon the land of another under arrangement with the owner of the land that it shall be removed when required is real estate." See also Stafford v. Adair, 57 Vt. 63, 66. Even though this warehouse was located on leased land, the jury was authorized by the evidence to find that the scale in question was a permanent fixture, and that title thereto passed with the building in the conveyance from the Consolidated Warehouse Company to the bank and then to the defendant.

The cases cited by counsel for the plaintiff are not contrary to our holding in the present case. In *McCall* v. *Walter*, *71 Ga.* 287, the mortgagor, who was occupying a rented storeroom, mortgaged his stock of goods and all fixtures therein belonging to him. The trial court held that the property so mortgaged was properly sold under the mortgage fi. fa., and this decision was affirmed by the Supreme Court, which said that permanent fixtures could not be removed by a tenant. It does not appear that any of the property there involved was attached to the building, but the decision indicates that it was not attached and was movable.

■ The charge of the court, complained of in grounds 6, 7, 8, and 9, to the effect that if the jury should determine from the evidence that the scale sued for was a part of the building and passed by the conveyance of the building from the Consolidated Warehouse Company to the First National Bank of Valdosta, and then to the defendant, the defendant would be entitled to recover, was not error, but was a proper charge under the law and the facts of this case.

■ While the charge complained of in ground 5, to the effect that whether the deed from the Consolidated Warehouse Company

to the First National Bank of Valdosta conveyed the scale in question depends on whether the expression used therein, "together with all additions to said building," includes the scale, and that such an expression is limited in purpose and effect to include new buildings erected or the adding to old buildings on the premises, and could not be so extended as to include scales or other personal property put on the premises by the plaintiff, was incorrect and contrary to other portions of the charge complained of in grounds 6, 7, 8, and 9, it was not error or harmful as against the plaintiff.

■ The contention that the defendant is estopped from claiming, adversely to the plaintiff, title to the scale here involved, because the firm of Carter, Fagg & Company, of which the defendant was a member, rented the scale from the plaintiff in 1934, is without merit.

*Judgment affirmed. Stephens, P. J., concurs. Felton, J., concurs specially.*