34915. STATE OF GEORGIA *v.* DYSON.

Decided March 17, 1954.

792

*Eugene Cook, Attorney-General, Geo. E. Sims, Jr., Assistant Attorney-General,* for plaintiff in error.

*Clement E. Sutton,* contra.

NICHOLS, J. Both parties state in their briefs in this court that the issue is whether or not the property sold, with the exception of the franchise and the rights-of-way, was tangible personal property, the sale of which is subject to the sales tax. No point is made as to whether or not the State may proceed to collect the sales tax from a purchaser, and this question will not be passed upon.

The Georgia Retailers' and Consumers' Sales and Use Tax Act imposes a tax at the rate of 3% of the sales price of each item or article of tangible personal property sold at retail in this State (Code, Ann. Supp., § 92-3402a; Ga. L. 1951, p. 362), and defines tangible personal property as including "personal property, which may be seen, weighed, measured, felt, or touched, or is in any other manner perceptible to the senses," but not including "stocks, bonds, notes, insurance or other obligations or securities." Code (Ann. Supp.) § 92-3403aM, (Ga. L. 1951,

p. 363). No provision is made in this act for a tax upon sales of real property, as elsewhere defined and distinguished from personal property by the law of this State.

The Code declares: "Realty or real estate includes all lands and the buildings thereon, and all things permanently attached to either, or any interest therein or issuing out of or dependent thereon." § 85-201. "Anything intended to remain permanently in its place, though not actually attached to the land, such as a rail fence, is a part of the realty and passes with it. Machinery, not actually attached, but movable at pleasure, is not a part of the realty. Anything detached from the realty becomes personalty instantly on being so detached." § 85-105.

"Whether an article of personalty connected with· or attached to realty becomes a part of the realty, and therefore such a fixture that it can not be removed therefrom, depends upon the circumstances under which the article was placed upon the realty, the uses to which it is adapted, and the parties who are at issue as to whether such an article is realty or detachable personalty." *Wolff* v. *Sampson,* 123 *Ga.* 400, 402 (51 S. E. 335); *Consolidated Warehouse Co.* v. *Smith,* 55 *Ga. App.* 216 (189 S. E. 724).

The issue here is between the State and the purchaser of a complete telephone system; therefore the rulè pertaining to a tenant's right to remove trade, ornamental, or domestic fixtures which may be severed without substantial injury to the realty is not applicable. Insofar as these parties are concerned, all of the telephone equipment was for the same main purpose, to maintain communication, and it was intended to remain in place for an indefinite period.

"To constitute a fixture, there must be annexation to the realty, together with unity of title and ownership of the realty and thing affixed." *Holland Furnace Co.* v. *Lowe,* 172 *Ga.* 815, 823 (159 S. E. 277). But the person owning the thing annexed to land need not have fee-simple title to the land. It is sufficient if he holds an estate for years in the land (*Consolidated Warehouse Co.* v. *Smith,* supra), or an easement or right-of-way over the land (*Jackson* v. *Crutchfield,* 184 *Ga.* 412, 191 S. E. 468; *Stewart County* v. *Holloway,* 69 *Ga. App.* 344, 25 S. E. 2d 315); and the ·purchaser of his interest in the land will acquire the vendor's title to the fixtures attached thereto, unless it is otherwise provided in their contract.

According to the facts stipulated in the present case, Dyson purchased the system of Crawfordville Telephone Company, consisting of rights-of-way on the streets of Crawfordville and on private property, with the poles erected on such rights-of-way, the wires attached to the poles, and a switchboard and 117 telephones attached to the wires. Although no price was established for the rights-of-way, Dyson purchased the property of the telephone company as a complete operating system; and it is therefore immaterial that, in arriving at the total price of $7,200, the parties set prices only for the property attached to the realty. It does not appear that any of the telephone equipment was first detached from the realty by the seller, or that it was treated by the parties as personalty, but, as a matter of fact, it was attached to the land, as above stated. "As between grantor and grantee, the strict rule of the common law prevails, that, in the absence of an agreement to the contrary, all fixtures, whether actually or constructively annexed to the realty, pass by a conveyance of the freehold." *Wolff* v. *Sampson,* 123 *Ga.* 400 (1), supra. And it has been held that the sale of a telephone line with its appurtenances embraces a sale of an interest in realty, within the meaning of the statute of frauds. *Rhyne* v. *Mayhugh,* 156 *Ga.* 243 (119 S. E. 522).

We hold that, as between the State, in the exercise of its powers of taxation, and the purchaser of an interest in realty such as is here involved, all fixtures which would pass by a conveyance of the interest sold and as a part thereof, in the absence of provisions in the sales contract to the contrary, are not subject to the tax on retail sales of tangible personal property imposed by the Georgia Consumers' and Retailers' Sales and Use Tax Act.

Furthermore, it appears that the telephone business itself was sold, and that this was not a sale made in the usual conduct of a retail business. Such a casual and isolated sale is not subject to the sales tax, regardless of the nature of the property sold. See *Novak* v. *Redwine,* ante, p. 755.

The court did not err in sustaining the affidavit of illegality to the sales tax execution.

*Judgment affirmed. Quillian, J., concurs. Felton, C. J., concurs in the judgment.*

FELTON, C. J., concurring specially. I think that common sense

and the general knowledge of business dealings and the intentions of parties in such cases demand the conclusion that the switchboard and the telephones are personal property. To apply some of the usual rules used in determining whether a fixture is realty or personalty, would result in an erroneous conclusion in this case. For instance, suppose a telephone company in a small town or city owned a building in which the switchboard was located and sold the building to a person to be used for other than telephone purposes. In such a case I think it would be unthinkable that the purchaser would think that he acquired title to the switchboard as a part of the building. And, if a telephone company owned dwellings which it rented to its employees, a sale of the dwellings themselves would not carry with them the title to the telephones therein installed. I do not think that the ruling in *Rhyne* v. *Mayhugh,* cited by the majority, is authority to the contrary. However, I concur in the judgment on authority of the ruling in *Novak* v. *Redwine,* ante, p. 755.