PER CURIAM:
 

 In this case, we hold a “double-wide” mobile home unit which has become permanently attached to the land on which it is placed ceases to be a “vehicle” under the Georgia Motor Vehicle Certificate of Title Act so that a security interest is obtained by recording a Security Deed to the land and the “improvements thereon” rather than placing a lien on the mobile home under the vehicle title act. Both the bankruptcy court and the district court applied this principle in holding that Gracewood Federal Credit Union (Gracewood) had a valid security interest in debtor Greta Ann Washington’s mobile home, contrary to the argument of Washington’s bankruptcy trustee, who appealed. We affirm.
 

 The facts are essentially unchallenged on appeal. On March 31, 1982, debtor Washington purchased a “double-wide” mobile home and financed the purchase through Citicorp Acceptance Corporation. Citicorp retained a security interest which it recorded on two Georgia Certificates of Title, each relating to one-half of the mobile home. When Washington elected to purchase the land on which the home was placed, Gracewood loaned Washington and her husband $23,000 to buy the land, refinance the home and satisfy Citicorp’s security interest. To secure its loan, Grace-wood recorded a Security Deed evidencing a security interest in the home and the land. Gracewood did not record its lien on the mobile home certificates of title.
 

 Washington’s home and land were appraised by Gracewood at $32,000. Washington made several improvements to the home, including a mortared cinderblock foundation, plumbing, wiring, sub-floor insulation, air conditioning, landscaping and the installation of a patio and stone steps.
 

 Under Georgia law, a mobile home is initially considered a vehicle which must be given a certificate of title. Ga.Code Ann. § 40-3-20 (1982). In order to perfect a security interest in a vehicle, the lienor’s interest must be noted on the title. Ga. Code Ann. § 40-3-50(b) (1982). Georgia law also provides, however, that an object which is intended to remain permanently in place, even if it is not actually attached to the underlying land, is a fixture which constitutes a part of the realty. Ga.Code Ann. § 44-l-6(a) (1982). Therefore, a mobile home may lose its character as a vehicle and become part of the land on which it is placed. 1969 Op.Att’y.Gen. No. 69-316. If such a transformation occurs, then a security interest in the home may be perfected under Georgia real estate law.
 
 Id.
 

 Georgia courts have used three factors in analyzing whether an object is personalty or realty.
 
 Homac, Inc. v. Fort Wayne Mortgage Co.,
 
 577 F.Supp. 1065, 1069 (N.D.Ga.1983). First, the Court looks to the degree to which the object has become integrated with or attached to the land. Under Georgia law, if an article cannot be removed from the land without suffering “essential injury,” it is considered a fixture.
 
 Id., citing Wade v. Johnston,
 
 25 Ga. 331, 336 (1858).
 

 Second, a court must consider the intention of the parties with regard to the status
 
 *457
 
 of the object.
 
 In re Janmar, Inc.,
 
 4 B.R. 4, 9 (N.D.Ga.1979). An item will remain personalty if the parties so contract, even if the item is permanently affixed to realty.
 

 Third, the court determines whether there is unity of title between the personalty and the realty at the time the object allegedly became part of the land:
 

 When the ownership of the land is in one person and the thing affixed to it is in another, and in its nature it is capable of severance without injury to the former, the fixture can not, in contemplation of law, become a part of the land, but must necessarily remain distinct property to be used and dealt with as personal estate.
 

 Homac,
 
 577 F.Supp. at 1070,
 
 citing Holland. Furnace Co. v. Lowe,
 
 172 Ga. 815, 159 S.E. 277 (1931).
 

 The bankruptcy court properly applied these criteria to Washington’s mobile home to conclude that it is no longer a vehicle but is now and was at the time of the Grace-wood loan a part of the underlying real estate. Washington’s home appears to be permanently attached to the real estate. It has a substantial foundation and the improvements around the home, such as the patio, demonstrate that the home is permanently anchored. Gracewood appraised the home and land as a unit, indicating both Gracewood’s and Washington’s intent to treat the home as a part of the land. Finally, upon Gracewood’s refinancing of Citi-corp’s home loan, Washington acquired title to the land, thus creating unity of title.
 

 Since Washington’s mobile home is an improvement or fixture on Washington’s land, Gracewood properly perfected its security interest in both the home and the land. We need not here decide the effect of a lien on the certificate of title, nor what priority would apply were there separate creditors, one with a lien on the certificate of title, and one with a recorded security deed against the land and improvements.
 

 AFFIRMED.